## FEDERAL SURETY CO. v. RAGLE et al.
### No. 12256.

Court of Civil Appeals of Texas. Fort Worth.

Jan. 25, 1930.

Rehearing Denied Feb. 22, 1930.

Burgess, Burgess, Crestman & Brundige, of Dallas, for appellant.

Grindstaff, Zellers & Hutcheson, of Weatherford, for appellees.

CONNER, C. J.

This suit was instituted by the appellant surety company against the appellee W. E. Ragle to set aside an award of the Industrial Accident Board for 100 weeks compensation for the loss of the sight of an eye. Briefly stated, the evidence shows that appellee was employed by Shaw & Rathke, alleged to be a copartnership engaged in the business of producing oil and gas, and who were subscribers under the Workmen's Compensation Act with the appellant Federal Surety Company; that appellee was a foreman for Shaw & Rathke, who were engaged in drilling an oil well on a farm some six miles from the town of Bryson in Jack county, Tex. Appellee testified that it was his duty to see that men employed upon the lease reported for duty; that no arrangement had been made upon the lease to house and care for employees, and that the greater number, including appellee, went to and fro between the lease and Bryson; that the appellant Shaw & Rathke had not assumed any obligation to provide means of transportation for the workmen, but such workmen as resided in Bryson provided their own means of transportation to and fro, sometimes driving their own automobiles and at other times riding with a coemployee; that on or about the 27th day of December, 1927, while appellee was so employed, and a few minutes before the end of the day's work, he sent one of the employees to the car of a coworker with whom he had arranged to ride home to crank the car and get it ready for the journey; that such employee reported that he was unable to start the motor, and that he (appellee) laid aside his work clothes, repaired to the car, and, in the effort to crank it, a spark plug or something blew out and struck him in the left eye, which resulted in a complete loss of its sight. Such other facts, if any, that may be deemed pertinent, will be stated in connection with our discussion of the case.

The cause was tried before the court without a jury, and resulted in a judgment in favor of appellee for compensation at the rate of $20 per week for the period of 100 weeks beginning on the 27th day of December, 1927. The judgment recites that appellee suffered the accidental injury on the day stated, "while in the course of his employment for Shaw & Rathke in Jack County, Texas; and that at the time of said injury he was engaged in and about the furtherance of the affairs and business of the said Shaw & Rathke, and that the said injury had to do with and originated in his employment with the said Shaw & Rathke and around and upon the premises of the said Shaw & Rathke and that the injury is compensable under the Workmen's Compensation Act of the State of Texas."

Appellant urges that, inasmuch as Shaw & Rathke did not undertake to, and did not, furnish transportation for appellee, and inasmuch as the injury complained of was sustained by him after he had quit work for the day, and while voluntarily engaged in starting an automobile for the purpose of transporting himself from work to town, his injury was not sustained in the course of his employment, and hence the court erred in the judgment rendered.

Article 8309 of the Workmen's Compensation Law, Revised Statutes 1925, reads as follows:

"The term 'injury sustained in the course of employment,' as used in this law, shall not include:

"1. An injury caused by the act of God, unless the employee is at the time engaged in the performance of duties that subject him to a greater hazard from the act of God responsible for the injury than ordinarily applies to the general public.

"2. An injury caused by an act of a third person intended to injure the employee because of reasons personal to him and not directed against him as an employee, or because of his employment.

"3. An injury received while in a state of intoxication.

"4. An injury caused by the employee's willful intention and attempt to injure himself, or to unlawfully injure some other person, but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere."

We have examined a number of the Texas cases relative to the subject, and they do not seem to be entirely harmonious. In the case of London Guarantee & Acc. Co. v. Thetford, 292 S. W. 857, by Section A of the Commission of Appeals, it was held that, there being no obligation on the part of the employer to transport Thetford to and from the place of work, but having merely given him the privilege of riding in its cars, Thetford's injuries received while riding to work with a fellow servant in such servant's private car was not in the course of his employment within the meaning of the Workmen's Compensation Law; hence the trial court's peremptory instruction in favor of the Guarantee & Accident Company was approved.

In the case of London Guaranty & Accident Co. v. Smith, by the Waco Court of Civil Appeals, 290 S. W. 774, writ of error refused, it was held, where a store clerk was directed by her employer to get supper and return as soon as possible so as to be ready to go with him to select goods, an injury to the clerk while on the way to supper was not "in the course of the clerk's employment" within the Workmen's Compensation Act.

In the case of Boatright v. Georgia Casualty Co., by the San Antonio Court of Civil Appeals, writ of error dismissed, 277 S. W. 802, it was held that a workman employed by two parties, and injured while on the way from the place of one to the other, was not injured in the course of his employment within the Workmen's Compensation Act.

In the case of Royalty Indemnity Co. v. Madrigal, 14 S.W.(2d) 106, by the Beaumont Court of Civil Appeals, it was held that a workman, injured after his day's work, and proceeding upon his chosen route and method, the employer not having contracted to furnish transportation, was not injured in the "course of employment," and hence not compensable under the Workmen's Compensation Law. It does not appear that a writ of error was applied for in that case.

In Ætna Life Ins. Co. v. Palmer, 286 S. W. 283, by the Austin Court of Civil Appeals, writ of error refused, it was held that a factory foreman performing services on his employer's premises was not engaged in the employer's business within the Workmen's Compensation Act when run over by a truck while attempting to enter a friend's automobile on the way to such premises early in the morning to ascertain their suitability for workmen to report for duty.

In American Indemnity Co. v. Dinkins, 211 S. W. 949, by the Beaumont Court of Civil Appeals, writ of error refused, it was held that a petition alleging that deceased, employed as an electrical engineer, registered out for the day at the entrance gate, and started for home to secure rest, and had proceeded a short distance when he was struck by an automobile, was demurrable because it showed that the injury was not sustained in the "course of employment" within the employer's liability and Workmen's Compensation Law.

In the case of Associated Employers' Reciprocal v. Simmons, 273 S. W. 686 by the El Paso Court of Civil Appeals, it was held that

an injury of an employee while removing dirt and grease from his person in the bathroom of his employer's bunkhouse after finishing the day's work was not an act in the employer's service or having to do with and originating in the employer's work within the Workmen's Compensation Act. We have not found where this case has been reviewed by the Supreme Court.

However, the following cases would seem to have a different trend. To illustrate: In the case of Consolidated Underwriters v. Saxon, 265 S. W. 143, by Section B of the Commission of Appeals, it appears, in substance, that an employee, during the period of employment, was assaulted and injured by another employee while engaged in a controversy between them over a shovel to be used in the work at hand. It was held that this evidence supported a finding that the injured employee was injured in the course of his employment within the Workmen's Compensation Act. The judgment of the Commission was adopted by the Supreme Court.

In Consolidated Underwriters v. Free, 253 S. W. 941, by this court, writ refused, it was held that the foreman of an oil lease, whose duties included the preservation of peace and order on the lease, was acting within the scope of his employment when attempting to quell a disturbance between a drunken employee and such employee's wife, and injuries received by him in so doing, which resulted in his death, arose out of his employment within the meaning of the compensation statute.

In United States Casualty Co. v. Hardie, 294 S. W. 672, the El Paso Court of Civil Appeals held that an injury to an employee of a produce company while attempting to ward off a friendly attack by an employee of a nearby competitive firm to prevent the assailant from soiling his clothes originated in the business of his employer and while the employee was engaged in the furtherance of the employer's business. On appeal, this holding was expressly upheld by Section B of the Commission of Appeals. See United States Casualty Co. v. Hardie, 299 S. W. 871, judgment adopted by the Supreme Court.

In Employers' Liability Assurance Corp. v. Light, 275 S. W. 685, by the Austin Court of Civil Appeals, writ refused, it appears that the corporation operated a granite quarry on land some 12 miles from the town of Llano, in Llano county, and situated in a pasture about 3 miles from the public road leading into the town. The corporation's lease included a grant of a right of way from the public road to the point of operations. It further appeared that most of the employees lived in Llano, and went to their work in the morning and returned home at night by traveling the public road to the lease and then over the right of way or private road that had been provided for in the lease to the quarry. Light had gone to the quarry on the day of the injury and worked there until about noon, when rain prevented further work for that day. Thereupon, when the rain stopped, he, along with several other employees, started to return to their homes at Llano, riding on a light truck belonging to another employee. While so riding, and about 1¼ miles from the quarry, Light slipped from the truck on which he was riding and was run over and killed. It was held that Light's injury was compensable under the statute.

The last case we have reviewed is that of Petroleum Casualty Co. v. Green, 11 S.W. (2d) 388, by the Waco Court of Civil Appeals, writ refused. In this case it appears that Green was working for the Humble Pipe Line Company as a pipe fitter and joiner; that the company maintained a camp on the premises under its control and at which its employees were required or expected to assemble each morning. They were then carried by the company's truck to the place or places where the labor during the day was to be performed. At the close of the day's labor, they were returned to the camp on said truck. The only remaining service to be performed on returning to the camp was to unload the tools and place them in the toolhouse. When this was done, the day's work was over, and the employees were free to return to their homes, or go elsewhere as they pleased. There was a bunkhouse situated at the camp in which some of the employees resided, but there were no provisions therein for the accommodation of men with families, such as Green. Some of the employees, without, so far as shown, any objection on the part of the company, and apparently with its tacit consent and approval, came to the camp each morning in their private cars, parked the same near the bunkhouse, and returned to their homes therein when discharged from their services in the evening. In doing so, such employees left the highway and traveled a private road over the premises so controlled by said company, a distance of about 175 yards to the camp, where they parked their cars. This was the usual and customary place of ingress and egress to and from said camp by employees residing at their respective homes. Green resided in the city of Corsicana, some distance from the camp, as did a Mr. Herring and a Mr. George, two other employees of said company. Mr. Herring came to and returned home from his work every day in his own private car. Appellee arranged with him for transportation to and from his work therein on terms mutually satisfactory to both. On the day of the accident, Mr. George was a guest in Herring's car. When Green completed his service for the day, he went by the bunkhouse to inquire of the timekeeper if he was to return the next day, and, being informed that he was, started immediately for the car to return home. He found Mr. Herring in the car and Mr.

George trying unsuccessfully to crank the same. Without any request from Mr. Herring, he asked Mr. George to let him crank the car. He attempted to crank it, but it back-fired and broke his arm, this being the injury complained of in the case. It was held that the injury was compensable under the statute. The opinion, which is by Chief Justice Gallagher, cites numerous cases. Among others, the case of Wabash Railroad Co. v. Industrial Commission, 294 Ill. 119, 128 N. E. 290, 293, in which it was held that leaving the premises where the injured party was employed was so closely connected with his employment as to render it a necessary incident thereto. Upon the authorities cited, Judge Gallagher announced the further conclusion that all dangers and perils incident to the use of the usual and customary method of entrance to and retirement from the employer's premises or zone of employment were perils incident to and arising out of the employment, and that the "course of employment" under the statute was not limited to the exact moment when the employee reported for duty nor to the moment when his labors for the day were completed, but necessarily included reasonable time thereafter to return from the camp to the highway in the usual and customary manner. It was further held in substance, that it is not necessary that an employee should have been at the time discharging some specific duty required by his employment, but it is sufficient that he was at the time of his injury engaged in doing something incidental to his employment.

As before stated, our own cases do not seem to be entirely harmonious, but we have concluded that the cases of Petroleum Casualty Co. v. Green and Employers' Liability Assurance Corporation v. Light, supra, are more nearly in accord with our views of the scope of the statute, and that they should be applied to the case before us.

■■ The statute is evidently remedial in character, and hence, as said in Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, loc. cit. 112, 246 S. W. 72, 74, 28 A. L. R. 1402, "should be liberally construed with a view to accomplish its purpose and to promote justice." It departs from the common-law method which is based on negligence of the employer and frees the injured workmen from assumed risks, contributory negligence, and unavoidable accident, and, in cases in which the statute applies, denies him a right to sue his employer for negligence which may have caused the injury. Regardless of questions of negligence, assumed risk, and accident, the injured employee of a subscriber, with exceptions not appearing in this case, is allowed compensation for all injuries of every kind and character sustained in the course of his employment, or having to do with and originating in the work, business, trade, or

profession of employer while engaged in or about the furtherance of the affairs or business of his employer, whether upon the employer's premises or elsewhere, thus recognizing the economic loss of the laborer, of his dependents, and of the state, which results from a temporary or permanent inability to labor, however brought about, as pointed out in the opinion of Chief Justice Gallagher, in the Petroleum Casualty Co. v. Green (Tex. Civ. App.) 11 S.W.(2d) 388, supra. The statute does not require that the injury be inflicted during laboring hours or within the zone of the labor to be performed. It is only required that the injury occur during the laborer's "course of employment," and that it be "incident thereto" or growing out of the laborer's employment.

■ In the case before us, the appellee's injury was sustained on the premises of his employer and in the immediate vicinity of appellee's work. While appellee's employer had not assumed the obligation of transporting appellee and his colaborers to and from Bryson to the work, yet it knew of the arrangement followed, and plainly recognized the necessity of the method of transportation. Appellee at the time was engaged in the performance of an act necessary to transport him and others over the roadway across the lease to the main traveling way leading to Bryson, his home, thus, as we conclude, falling within the beneficial terms of the Workmen's Compensation Act.

As already indicated, under the Workmen's Compensation Law, an employer, carrying insurance provided for in that law, is immune from liability for an injury to his employee which results solely from the employer's negligence. It often happens that an injury so sustained is of such serious consequences that in an action therefor against the employer the damages recoverable would be far in excess of the maximum compensation fixed by the act. That fact, in connection with the further fact that, in the absence of compensation beyond the limits of the act and recoverable in its absence, the injured employee may become a burden on society by reason of his disabled condition, appeals to us strongly for a liberal interpretation of the act in favor of the employee; and indeed the rule of liberal interpretation is generally recognized.

■■ We overrule as immaterial the further contention that the evidence shows that the Shaw & Rathke is a corporation, and not a partnership as alleged by the appellee in his cross-action for compensation. This fact only incidentally appeared in the testimony of a witness while being examined. It was not made the basis of a defense in any way. There is no contention that Shaw & Rathke were not subscribers or that appellee was not employed by them. At most it can amount to no more than a variance in

902

matter not in issue. In every case, to be fatal, a variance must be such as to surprise or mislead the parties to be charged. See Sealy Cotton Co. v. Gustafson & Spencer, Inc. (Tex. Civ. App.) 258 S. W. 911. The appellant could not have been surprised or misled by the simple statement, casually made, that Shaw & Rathke was a partnership. As stated, it had issued its policy to them, and must have known their status from the date of the issuance of the policy. Moreover the record discloses that upon the trial the following agreement was entered into by the parties in open court, which, so far as pertinent, reads as follows:

"It is agreed in open court by and between the parties to this cause of action as follows:

"First: The defendant, W. E. Ragle, was employed by Shaw & Rathke as driller the 27th day of December, A. D. 1927, and had been so employed for a period of more than one (1) year; that his wages were such that his rate of compensation, if any, makes him entitled to Twenty ($20.00) per week.

"Second: That on the 8th day of October, A. D. 1928, the Industrial Accident Board of the State of Texas, made an award in favor of W. E. Ragle and adjudged that he was entitled to compensation for the total and permanent loss of the sight of his eye at the rate of Twenty ($20.00) Dollars per week. Counsel agrees that this is the true and correct amount of the award; * * * that the injury received for which the award was rendered occurred in Jack County, Texas, and the amount involved is Two Thousand ($2,000.00) Dollars. *That Shaw & Rathke had a policy of workmen's compensation insurance with the Federal Surety Company in force and effect on the 27th day of December, 1927, and covering employees of Shaw & Rathke on that date.*" (Italics ours.)

It thus conclusively appears by appellant's own admissions that Shaw & Rathke, whether a partnership or a corporation, were, if any one, the real parties liable.

Judgment below affirmed.