## TEXAS EMPLOYERS' INS. ASS'N v. SEWELL.

### No. 963.

Court of Civil Appeals of Texas. Waco.

Oct. 23, 1930.

Rehearing Denied Nov. 13, 1930.

Harry P. Lawther, James P. Swift, Shelby S. Cox, and William M. Cramer, all of Dallas, for appellant.

W. W. Mason, of Mexia, for appellee.

GALLAGHER, C. J.

Appellee, Robert B. Sewell, claiming to be an employee of the Mexia Textile Mills, filed before the Industrial Accident Board a claim against appellant, Texas Employers' Insurance Association, its insurance carrier, for compensation for injuries sustained by him while engaged in painting a certain house or houses under a contract between him and said mills. The board made an award on said claim and appellee, being dissatisfied therewith, instituted this suit in the district court to set the same aside and to recover compensaion under the terms of the Workmen's Compensation Law for total and permanent incapacity which he alleged resulted from the injuries so received.

The case was submitted to a jury on special issues, in response to which they found that appellee was an employee of said mills; that he suffered the injuries complained of in the course of his employment; that such injuries resulted in total and permanent incapacity; and that his average weekly wage was $25. Based on said findings the court rendered judgment against appellant in favor of appellee for a lump sum settlement in the sum of $4,248.80. Said judgment recited that said sum was 60 per cent. of appellee's average weekly wage for four hundred and one weeks, less payment for sixty weeks previously made, and less a discount at the rate of 6 per cent. Appellant presents said judgment to this court for review.

### Opinion.

Appellant first presents a group of propositions complaining of the refusal of the court to give a peremptory charge in its favor, on the ground that the undisputed evidence

showed that appellee was engaged in painting said houses under a written contract, the terms of which constituted him an independent contractor and not an employee. The terms of the written contract in evidence are rather vague, but, after due consideration of the same, in connection with the testimony introduced showing the construction given the same by the parties in the course of the execution thereof, we have concluded that the finding of the jury that appellee was an employee of said mills, as distinguished from an independent contractor, is not without support in the evidence.

■■ Appellant next presents a group of propositions complaining of the refusal of the court to give a peremptory charge in its favor, on the ground that the undisputed evidence showed that appellee's employment by said Mills to paint said houses was not in the usual course of the trade, business, profession, or occupation of such employer. The testimony, though brief, is explicit and uncontradicted. By the terms of the written contract appellee undertook to paint for said Mills five cottages in process of erection. He testified in that connection as follows: "The Mexia Textile Mills was engaged in the occupation of making textile products. I never did do any work for the Mexia Textile Mills other than painting those houses. Those houses were to be used for the people to live in that worked at the mill. They were new houses." Appellee fell from a ladder while engaged in painting one of said houses and thereby received the injuries of which he complains. "Employee" is defined by the Compensation Act as including every person in the service of another under any contract of hire, express or implied, oral or written, *except one whose employment is not in the usual course of the trade, business, profession, or occupation of his employer.* (Italics ours.) R. S. article 8309, § 1. The court charged the jury: "That an employee, as used under the Workmen's Compensation Act, shall mean every person in the service of another under any contract of hire, express or implied, oral or written, over which they have control." Appellant objected to said definition on the ground that it did not exclude employees whose employment was not in the usual course of the trade, business, profession, or occupation of the employer. The court overruled said objection. The jury therefore never passed upon the question of whether appellee's employment was in the usual course of the trade, business, or occupation of said mills. However, we regard this fact as immaterial, because whether appellee's employment was of such character, in view of the undisputed facts in evidence, was a question of law for the determination of the court and not the jury. Appellant relies in support of its contention on Oilmen's Reciprocal Ass'n v. Gilleland (Tex. Com. App.) 291 S. W. 197 et seq. In that case the City Laundry Company was the employer and Ed Gilleland, its employee. It secured water necessary for the operation of its plant by pumping the same from certain wells. On account of the growth of its business and its increased demands for water resulting therefrom, it became necessary to install larger and more powerful pumping equipment. For this purpose it caused an excavation to be made, and employed Gilleland, a bricklayer, to wall the sides thereof with brick to prevent caving. While so engaged one side caved in and buried him under several tons of earth and caused his immediate death. The trial court rendered judgment in favor of his statutory beneficiaries against the insurance carrier. The Court of Civil Appeals (285 S. W. 648) affirmed the judgment of the trial court. The Supreme Court granted a writ of error and referred the case to Section B of the Commission of Appeals for consideration and report. That court, in a well-considered opinion by Presiding Judge Powell, after reviewing various authorities, held that Gilleland, under the facts stated, was not employed in the usual course of the business or occupation of his employer, the laundry company, and recommended that the judgment of the trial court and of the Court of Civil Appeals both be reversed and judgment rendered in favor of the insurance carrier. The Supreme Court entered the judgment so recommended. The rule announced by the Commission of Appeals in said case was followed by the District Court of the United States for the Northern District of Texas in Morse v. New Amsterdam Casualty Company, 30 F.(2d) 974, 976. In that case the McKnight Grain & Grocery Company was engaged in the grain and grocery business. It concluded to install a grain elevator to better handle its business and to meet the growing needs thereof. Morse, a carpenter, was employed to assist in the erection and equipment of said elevator. While so engaged he sustained certain injuries. The defendant in that case was the insurance carrier. Morse's right to recover of said carrier compensation for his injuries under the terms of said act came on in due course for trial in said court. The court, upon the facts recited, instructed a verdict for the defendant. We quote from the opinion filed by the learned judge thereof as follows:

"The erection of a new building by workmen called for that purpose, in which the employer proposes to carry on an established business, cannot be said to be in the 'usual' course of such business as he was already carrying on. It is the unusual. It is the extraordinary. This employer was

not engaged in the building of elevators, nor in the building of hoppers therefor, but it was engaged in the business of grain and groceries. Such business had reached the proportion that it seemed wisdom to add the elevator feature, and the building therefor was being constructed by additional workmen, one of whom, while in such work, was injured.

"Our deep solicitude for those who make our industrial world so splendid demanded their protection from the hazards of the courthouse when they suffered injuries while engaged in their work. That the law having that purpose in view should be liberally construed, so as not to rob them of any of its protective features, has made me reluctant to reach this conclusion, but the conclusion is inescapable, and the court merely speaks the law as it is written."

An appeal was prosecuted from the judgment in that case to the Circuit Court of Appeals for the Fifth circuit, and said judgment was promptly affirmed. 37 F.(2d) 100. We quote from that opinion as follows: "From the undisputed facts it is plain that appellant was not employed in the usual course of the McKnight Company's business." The Mexia Textile Mills was, according to the testimony of appellee, the only testimony on the subject, engaged in the manufacture of textile products. The erection of a group of houses to be used by its employees constituted no part of such business or occupation. Conceding that appellee was, as distinguished from an independent contractor, an employee of the Mexia Textile Mills while engaged in painting said houses, his employment was not in the usual course of the business of such mills. While reluctant to deny appellee recovery of compensation for a serious injury, we are constrained, in view of the undisputed facts in evidence, to hold, as a matter of law, that he was not an employee of said mills within the meaning of that term as defined by said act, and therefore not entitled to such recovery under the authorities above cited.

▮ Appellee was permitted to testify on the trial of this case that at the hearing of his claim by the Industrial Accident Board the party representing appellant at such hearing admitted that he was an employee of said mills, and that the only issue involved was the extent of his injuries. Such testimony was not contradicted. Appellee contends that, in the absence of contradiction, such testimony conclusively established that he was an employee of said mills within the meaning of said act. Whether the party making such admission purported to be an attorney or agent of appellant was not disclosed. His authority in the premises was left to be inferred solely from the fact that he represented appellant at such hearing. Appellant objected to the introduction of said testimony on various grounds, which we do not deem it necessary to consider. The Industrial Accident Board is an administrative body, authorized by statute to exercise certain powers quasi judicial in their nature. Nevertheless it is not a court, and in suits to set aside its final orders, judgments, or decrees the trial is de novo. Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556, 561, par. 9; Texas Employers' Ins. Ass'n v. Roach (Tex. Com. App.) 222 S. W. 159, 160 and 161; Poe v. Continental Oil & Cotton Co. (Tex. Com. App.) 231 S. W. 717, 720, par. 5. Whether evidence of the admission of any specific fact in a hearing before such board is admissible on such trial de novo need not be determined. The statement or admission relied on by appellee was a mere conclusion of law, drawn by appellant's representative from the facts as he at the time of such hearing understood them to exist. Statements or admissions relating to a question of law are not admissible in evidence. Reynolds v. McMan Oil & Gas Co. (Tex. Com. App.) 11 S.W.(2d) 778, 785, et seq., pars. 21 to 23, inclusive, and authorities there cited; National Union Fire Ins. Co. v. Richards (Tex. Civ. App.) 290 S. W. 912, 915, pars. 7 to 10, inclusive, and authorities there cited. Appellee's contention is overruled.

The judgment of the trial court is reversed, and judgment is here rendered for appellant.