## MOSLEY et al. v. ROYAL INDEMNITY CO.*
### No. 7120.

Circuit Court of Appeals, Fifth Circuit.
Jan. 4, 1934.

*Rehearing denied February 9, 1934.

W. E. Terrell, of Waco, Tex., for appellants.

R. T. Bailey, of Dallas, Tex., for appellee.

Before BRYAN, HUTCHESON, and WALKER, Circuit Judges.

WALKER, Circuit Judge.

In this suit under the Workmen's Compensation Law of Texas, one of the appellants, Covert Mosley (herein referred to as the appellant), claimed of the appellee, the insurer of the Southland Ice Company, which was alleged to be appellant's employer, compensation for personal injuries alleged to have been sustained by the appellant while he was engaged in the performance of his duties as an employee of the Southland Ice Company in repairing the tube on a tire of a truck which he was required to use in the performance of his duties as such employee. The allegations of appellants' pleading were put in issue. Upon the conclusion of the evidence, the court instructed the jury to return a verdict in favor of the appellee. From a statement of the presiding judge accompanying that ruling, it appears that it was a result of the conclusion that at the time appellant was injured he was not acting in the course of his employment. In this court it was contended in behalf of the appellee that that ruling is sustainable, not only on the above-mentioned ground, but also on the ground that at the time appellant sustained the alleged injuries he was an independent contractor, not an employee of the Southland Ice Company.

■ The evidence showed the following: At and prior to the time appellant was injured as stated below, the relations between him and the Southland Ice Company were governed by a contract evidenced by a written instrument, dated March 12, 1931, in which the appellant was referred to as the salesman and the Southland Ice Company was referred to as the company. By that contract the appellant agreed that he "will solicit, sell and deliver ice, upon such route or routes, and in such sections of the vicinity of Waco, Texas, as the Company designates, or shall designate," the good will and business established to be the sole property of the Company and under its direct control; that appellant "shall furnish automobile and/or wagon chassis, and/or running gear completely equipped * * * all to be satisfactory to the Company, the Company, however, to furnish the body for such truck and/or wagon, properly built for the hauling and delivery of ice, and in such style as the Company may elect to use. The Salesman shall at all times keep such equipment in good condition, greasing and washing the same regularly, (and at least twice a week), and keeping the same in good repair, all to the satisfaction of the Company, in order that the route may at all times be made and the customers served by the Salesman." Under that contract the ice company designated the route or routes to be traveled by the appellant, fixed the price at which ice delivered to the salesman could be sold by him, and had the right to discharge the salesman for failure to give full weight and measure to all customers, or to be prompt and efficient in deliveries, or to be courteous and respectful in his dealings with customers, or for his violation of any of the rules of the company applicable to employees generally, or for doing anything which in the judgment of the company is hurtful and injurious to its business. The appellant worked under the contract from its date until the date of the injury alleged, July 7, 1932. On and prior to that date he used a Chevrolet truck owned by himself; the body used on that truck being owned by the ice company. During that time it was customary for appellant to drive the truck from his home to the ice factory about 5 o'clock in the morning, get and sign for the ice expected to be sold during the day, take it out on the designated route, make sales to and collections from customers, and, when he had completed the route, to carry back and return to the ice company any ice left over; the appellant receiving for his compensation a percentage of the amount for which ice was sold. There were no set hours for making the route. Usually appellant made required repairs on the equipment used after he returned to his home, if it was possible to do so. While appellant was out on his route on July 7, 1932, the left rear wheel of his truck was punctured, with the result that the tire went down very slowly, and appellant continued to use it, putting air in it at every filling station he passed until he got back to his home at about 4:30 o'clock in the afternoon. About 6:30

222

o'clock that evening, after the appellant had taken off the above-mentioned tire in order to patch the tube in it which had been punctured, so as to have it to use on the truck the next day, and while that tire was lying flat on the ground at his home, and while appellant was hammering the tire to break loose a rim which had become rusted, the steel circular rim came off and struck the appellant in the face, causing serious injuries, including the loss of sight in his left eye.

The evidence showed that the ice company had and exercised the right to control the details of the work the appellant was engaged to perform, to direct his conduct and the manner of doing that work, with the result that the appellant was an employee of the ice company, not an independent contractor. Texas Employers' Ins. Ass'n v. Owen (Tex. Com. App.) 298 S. W. 542; Texas Indemnity Ins. Co. v. Carson (Tex. Civ. App.) 21 S.W. (2d) 691; 14 R. C. L. 67.

The Texas Workmen's Compensation Law contains the following provision: "The term 'injury sustained in the course of employment,' as used in this law, shall not include * * * but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere." Revised Civil Statutes of Texas 1925, art. 8309, § 1. By express language of the just quoted provision, it covers injuries sustained by an employee while at a place other than the employer's premises, and, as that provision has been construed by the Texas courts, it covers injuries to employees, resulting from risks incidental to employment, sustained at times when, under the terms of their employment, they are not required to be engaged in rendering services for their employers. Federal Surety Co. v. Ragle (Tex. Civ. App.) 25 S. W.(2d) 898; Id. (Tex. Com. App.) 40 S.W. (2d) 63; Lumberman's Reciprocal Association v. Behnken, 112 Tex. 103, 246 S. W. 72, 28 A. L. R. 1402; Texas Employers' Ins. Ass'n v. Owen (Tex. Civ. App.) 291 S. W. 940. At the time appellant sustained his injuries he was engaged in keeping in good repair a part of the equipment used in rendering the service he was engaged to perform. He was performing a duty which was specifically imposed on him by the contract between his employer and himself, but which was not required to be performed during a time when

he was rendering other services for his employer. But for that contract he would have been free to refrain from repairing his own tire used on his own truck. In repairing part of the equipment which he was required to use in the conduct of the business of the employer intrusted to him, he was engaged in the furtherance of that business, and the injuries sustained having resulted while he was so engaged, from a risk incident to the task he was undertaking to perform, those injuries, within the meaning of the quoted provision, had to do with, and originated in, the work or business of the employer. This being so, the fact that those injuries were sustained at a time when appellant was not required to be engaged in rendering any other service for his employer does not keep those injuries from properly being considered to have been sustained by the appellant while he was acting in the course of his employment. Federal Surety Co. v. Ragle, supra; Lumberman's Reciprocal Ass'n v. Behnken, supra; Texas Employers' Ins. Ass'n v. Owen, supra; Leilich v. Chevrolet Motor Co., 328 Mo. 112, 40 S.W.(2d) 601, 604; Voehl v. Indemnity Ins. Co., 288 U. S. 162, 53 S. Ct. 380, 77 L. Ed. 676; 28 R. C. L. 797. Under the evidence, it was open to the jury to find that the injuries sustained by the appellant were sustained in such circumstances as to be covered by the above-quoted statutory provision. This being so, the above-mentioned ruling was erroneous. Because of that error, the judgment appealed from is reversed, and the cause is remanded, with direction that a new trial be granted.

Reversed.