**COFFEY et al. v. MANAGEMENT CO. OF TEXAS, Inc., et al.**

No. 13816.

Court of Civil Appeals of Texas. Fort Worth.

Oct. 28, 1938.

Rehearing Denied Nov. 18, 1938.

Johnson & Hart and Boykin & Seideman, all of Fort Worth, for appellants.

Cantey, Hanger, McMahon, McKnight & Johnson and J. A. Gooch, all of Fort Worth, for appellees.

DUNKLIN, Chief Justice.

On September 23rd, 1936, Mrs. Marvin Coffey filed with the Industrial Accident Board, as provided for in the Workmen's Compensation Act, Vernon's Ann.Civ.St. art. 8306 et seq., her claim for compensation under that Act, reading as follows:

"This is to notify you that I, Mrs. Marvin Coffey, claim compensation under the Employers' Liability Act for personal injury suffered while in the course of my employment for Management Company of Texas, Inc., at Fort Worth, Texas. The time of my injury was 11 o'clock A. M. on the 6th day of May, 1936.

"The place of injury was 1105 Fairmount, Rosemont Apartments. Cause of injury: Trap door to roof of apartment falling and hitting claimant on head.

"State part of body injured and, nature and extent of injury: Concussion of brain, severe bruises to head.

"Did injury result in loss by amputation of a member or part of member? No. If so, name member and describe exact point of amputation: No.

"My rate of pay on date of injury was $45.00 per month. Hours worked per day: 12. Days worked per week: 7. Length of time regularly employed in same employment for this employer previous to this injury: Nine months. Give names and post office addresses of all witnesses in support of this claim for compensation: Frank David Coffey, son of claimant.

"Were you furnished medical attention when injured? Yes. If so, give name and address of doctor: Dr. Harold V. Johnson at Fort Worth, Texas. Dr. Bert Ball.

"Mrs. Marvin Coffey
"1105 Fairmount
"Fort Worth, Texas

"Witness to claimant's signature:
"Marionell Harkrider
"3029 College Ave.

"Dated this 23rd day of September, 1936.
"Received Sep. 24, 1936,
"Industrial Accident Board,
State of Texas."

On the same date, she addressed to the Industrial Accident Board a notice of the injury described in her claim. Both of those documents were received and filed by the Industrial Accident Board on September 24th, 1936.

On September 23rd, 1936, Mrs. Coffey wrote to the Management Company of Texas, Inc., at its address in Fort Worth,

Texas, enclosing copies of the notice of injury and the claim for compensation therefor, which had been filed with the Industrial Accident Board.

On September 24th, 1936, the Industrial Accident Board addressed a letter to Mrs. Coffey's attorneys, acknowledging receipt of the notice and claim for compensation by Mrs. Coffey, on account of her injuries sustained May 6th, 1936, while in the employment of The Management Company of Texas, Inc., followed with this statement: "According to our insurance records, the Management Company of Texas, Inc., has not carried a policy of Workmen's Compensation Insurance since its policy with the Hartford Accident & Indemnity Company, effective July 8th, 1934, expired July 8th, 1935. Under the above facts this court will not have jurisdiction over your client's claim for compensation filed against the above named employer."

Prior to the date of the alleged injury, the Management Company of Texas, Inc., had procured from the Travelers' Insurance Company a policy of compensation insurance, under the Workmen's Compensation Act, which, by its terms, covered compensation for all of its employees, including Mrs. Coffey. But no notice to the Accident Board or to the employees that it had become a subscriber under the Act, as prescribed by Sections 18a and 19, Art. 8308, and Sect. 3c, Art. 8306, R.C.S., was given. And no notice of the injury was given the Management Company by Mrs. Coffey within the time prescribed by Sec. 4a of Art. 8307, R.C.S. The policy had been filed in Austin with the Board of Insurance Commissioners, on December 10th, 1935, and was stamped "Approved" by that Board, on January 30th, 1936. Later, upon investigation made by the Secretary of the Industrial Accident Board, that policy was located, and then included in the subscriber's files in the records of the Industrial Accident Board.

On April 27th, 1937, the Industrial Accident Board addressed a notice to the Travelers' Insurance Company that the claim theretofore filed by Mrs. Marvin Coffey for compensation insurance had been set for hearing before the Board in Austin, for May 25th, 1937. A carbon copy of that notice was addressed to Mrs. Coffey's attorneys, at Fort Worth, Texas. Those two documents were received in due course of mail by the addressees respectively.

Prior thereto, on January 28th, 1937, Mrs. Marvin C. Coffey, joined by her husband, instituted suit in the District Court of Tarrant County, against the Management Company of Texas, a corporation, incorporated under the laws of Texas, and three other foreign corporations, namely, the National Bondholders Company, incorporated under the laws of the State of Delaware, the National Realty Management Company, Inc., incorporated under the laws of the State of New York, and the Travelers' Insurance Company, incorporated under the laws of Connecticut.

According to allegations in the petition, the defendants were engaged in operating, managing and maintaining apartment houses and other pieces of real estate throughout the State of Texas, with defendant, Management Company of Texas, in charge thereof, and representing the interest of all the defendants, who employed Mrs. Coffey to work as local manager of one of their apartment houses in the City of Fort Worth. While so employed, the sprinkling system on the roof of the apartment house became out of repair, and Charlie Williams, one of defendants' agents, came out to inspect it. In order to do so, he climbed a ladder in the attic, leading to the roof, through a trap door in the roof, and Mrs. Coffey, as it was her duty to do, followed him up the ladder to point out the parts of the sprinkling system needing repairs. After reaching the roof, Williams held open the trap door for Mrs. Coffey to pass to the roof, and while so doing, he negligently let it fall on her head, and thereby inflict serious bodily injuries, from which she has sustained damages in the sum of $15,000. She sought a recovery of those damages on allegations that such negligence of Williams, and also the negligence of the defendants in furnishing an insecure ladder and failing to have it properly lighted, was the proximate cause thereof, and that she was entitled to such recovery under the rules of the common law. May 6th, 1936, was alleged to be the date of her injury.

On February 26th, 1937, defendants filed answers to the suit, consisting of general demurrers and general denials.

On May 16th, 1937, plaintiffs filed their first amended original petition against the same defendants, and with the same allegations of facts, and seeking damages on the

same grounds, with further allegations that within ten days next before filing the amended petition, plaintiffs had for the first time discovered that defendants had, by fraudulent conspiracy, attempted to confer jurisdiction on the Industrial Accident Board to determine plaintiffs' right to compensation for Mrs. Coffey's injuries, by reason of the following facts: Within 30 days after such injury, plaintiffs having been informed that defendants, Management Company of Texas, Inc., the National Realty Management Company and National Bondholders Company, carried compensation with defendant, Travelers' Insurance Company, presented to those defendants and to the Industrial Accident Board their claim for compensation for said injury, under the Workmen's Compensation Law. According to further allegations, the Industrial Accident Board, through its Secretary, informed plaintiffs' attorneys, by letter of date September 24th, 1936, of the receipt of notice of the injury sustained on May 6th, 1936, while in the employ of the Management Company of Texas, Inc., as noted above.

Plaintiffs further alleged that at about the same time they received that letter, the claim agent of the Travelers' Insurance Company called on Mrs. Coffey and stated to her that defendants did not carry compensation insurance with his company. By reason of the letter from the Secretary of the Industrial Accident Board and that statement by the agent of the Travelers' Insurance Company, plaintiffs, by their attorneys, filed their original petition for a recovery on the grounds shown therein, and have incurred great expense and delay by reason thereof. It was further alleged that plaintiffs' attorneys have not deemed it necessary to formally withdraw the claim theretofore filed with the Board, and have proceeded upon the theory that said claim has never been filed. It was further alleged that plaintiffs' first notice that defendants were claiming that they carried compensation insurance was from a letter of date April 28th, 1937, from the Secretary of the Industrial Accident Board, stating that Mrs. Coffey's claim for compensation had been set for hearing on May 25th, 1937. Immediately, plaintiffs' attorneys wrote the Industrial Accident Board and later received a letter from it, stating that the injury was covered by a compensation insurance policy, issued to the defendant, Management Company of Texas. by de-

fendant, Travelers' Insurance Company, but that the files of the Industrial Accident Board did not show notice of the issuance of the policy.

By reason of the facts noted, and the further fact that the Management Company of Texas, Mrs. Coffey's employer, did not post notices in conspicuous places in the apartment house that it carried compensation insurance for its employees, plaintiffs invoked estoppel against all the defendants now to claim that the Industrial Accident Board is vested with jurisdiction to determine the merits of Mrs. Coffey's claim for compensation.

That amended petition was verified. Immediately after its filing, and without further evidence in support of the facts alleged, and without notice to the defendants, plaintiffs sought and obtained from the judge of the District Court a temporary writ of injunction, restraining the defendants, their officers, agents, attorneys and representatives, from taking any action whatsoever to further prosecute or have heard before the Industrial Accident Board of Texas, the claim of the plaintiff, Mrs. Marvin C. Coffey, with reference to compensation for the injuries set up in the said first amended original petition of the plaintiffs, until the issues raised by the said first amended original petition of the plaintiffs could be heard upon the merits; and the court set the 7th day of June, 1937, at the hour of 9:00 A. M., for hearing of the application for the injunction, and the defendants were ordered to appear upon said date to show cause, if any they had, why such temporary injunction should not be made permanent, and why the said claim should not be permanently withdrawn from the jurisdiction of said Industrial Accident Board of Texas.

Upon receipt of notice of the temporary writ of injunction, the Chairman of the Industrial Accident Board wrote plaintiffs' attorneys, that in obedience to the commands of the writ, the claim would not be heard until such hearing was desired by them.

On June 7th, 1937, defendants filed an answer to plaintiffs' amended petition, embodying a general demurrer and general denial, with special answer, alleging that on the date of Mrs. Coffey's injury, the Management Company of Texas carried a policy of insurance under the Workmen's Compensation Law, covering injuries to all its employees, issued by de-

fendant, The Travelers' Insurance Company, and if Mrs. Coffey was an employee of said Management Company of Texas at the time of her injuries, she is entitled to and relegated to the benefits provided under that law. Further, that since she has a plain and adequate remedy at law for her injuries, she is not entitled to the relief by temporary injunction theretofore issued, which defendants prayed be dissolved, and that plaintiffs' suit for the damages sought be dismissed.

Upon the hearing of the motion to dissolve, evidence was heard, the writ of injunction dissolved and the suit dismissed. Plaintiffs have appealed.

On the hearing of the motion to dissolve the writ and dismiss plaintiffs' suit, plaintiffs introduced no evidence and offered none tending to sustain their allegations of negligence of defendants, on which their common law action was based, as a further predicate for equitable relief by injunction.

Nor was there any evidence tending to support the allegations in plaintiffs' petition of a conspiracy on the part of the defendants to confer jurisdiction of her claim on the Industrial Accident Board.

In support of their action for damages under the common law, appellants have cited decisions in which it was held that the relations between employer, employee and the insurance carrier, under the Workmen's Compensation Act, are contractual and in the absence of a consummation of the contract, the employer cannot claim immunity from liability to the employee for damages resulting from his negligence under rules of the common law. And further, that a compliance with the provisions of Sections 18a, 19 and 20, of Art. 8308, in connection with section 3c, of Art. 8306, requiring notice to be given by the employer to the Industrial Accident Board and to the employee that he has taken out compensation insurance, in terms of the Act, are necessary parts of the contract, in the absence of which the contract never becomes effective. Decisions cited include Anderson-Berney Realty Co. v. Soria, 123 Tex. 100, 67 S.W.2d 222; Poe v. Continental Oil & Cotton Co., Tex.Com.App., 231 S.W. 717; Bailey v. Texas Indemnity Ins. Co., Tex.Com.App., 14 S.W.2d 798. That doctrine is announced in 45 Tex.Jur., sect. 5, p. 360; sect. 9, p. 369; sect. 10, p. 370; and sect. 11, p. 373, with citation of the decisions noted and many others of like kind.

But the controlling question here is, did the District Court acquire jurisdiction of the common law action for damages after appellants had invoked jurisdiction of the Industrial Accident Board, by filing with it their claim for compensation for the injury, under the provisions of the Workmen's Compensation Act, and after the Board had assumed jurisdiction by setting down the claim for hearing, and while that claim is still pending before the Board and undetermined? The merits of plaintiffs' claim have no bearing upon that issue.

■ Sections 5 to 12, inclusive, of Art. 8307, definitely and specifically vest in the Industrial Accident Board exclusive original jurisdiction to hear and determine claims arising under the provisions of the Act. Sect. 5, Vernon's Ann.Civ.St. art. 8307, § 5, reads, in part: "All questions arising under this law, if not settled by agreement of the parties interested therein and within the provisions of this law, shall, except as otherwise provided, be determined by the Board." Which would include the determination of questions of fact necessary to confer jurisdiction on the Board, as well as the merits of the claim presented.

■ Jurisdiction of courts to determine the merits of the claim does not attach until after final action thereon by the Board, and suit filed in a proper court to set aside the decision of the Board. Art. 8307, § 5; Art. 8307a, Vernon's Ann.Civ. St.; 45 Tex.Jur., par. 256, p. 726; par. 253, p. 721; par. 252, p. 719; par. 281, p. 776 et seq.

In Ocean Accident & Guaranty Co. v. Pruitt, Tex.Com.App., 58 S.W.2d 41, in opinion written by Judge Critz, this is said [page 45]: "It is further the rule that the final award of the board unappealed is entitled to the same faith and credit as a judgment of a court. There is therefore no escape from the conclusion that the award of November 14, 1928, made by the Accident Board denying these claimants compensation from this insurer on account of the death of Frank Pruitt was and is res judicata of this entire suit."

■ It is our conclusion that the District Court did not have jurisdiction of the cause of action presented in plaintiffs'

amended petition, because the jurisdiction of the Board to determine Mrs. Coffey's claim for compensation under the Workmen's Compensation Act had already attached, and the claim is still pending before the Board and undetermined, as shown above; and therefore no error was committed in dissolving the temporary writ of injunction and dismissing plaintiffs' first amended petition for lack of jurisdiction of the District Court to hear and determine its merits.

Accordingly, all assignments of error are overruled, and the judgment of the trial court is in all things affirmed.