James A. HEACKER and wife Marie Heacker, Appellants,

v.

SOUTHWESTERN BELL TELEPHONE COMPANY, Appellees.

No. 17623.

United States Court of Appeals Fifth Circuit.

Sept. 25, 1959.

Edward J. Dees, Dallas, Tex., for appellants.

Donald K. King, Whitney R. Harris, Dallas, Tex., Grover Sellers, Sulphur Springs, Ark., for appellees.

Before RIVES, Chief Judge, and CAMERON and JONES, Circuit Judges.

CAMERON, Circuit Judge.

Appellant James A. Heacker, individually and in behalf of his wife, Marie Heacker, instituted this action for damages in the district court alleging negligence of the agents, servants and employees of the appellee Southwestern Bell Telephone Company resulting in injuries to Marie Heacker when she fell on the ice-covered sidewalk along the front of the appellee's premises in Greenville, Texas. This is an appeal from a summary judgment granted by the court below in favor of defendant-appellee. The determinant questions presented are whether appellant Marie Heacker, at the time of the accident, was within the scope of her employment, and whether the filing of a claim for Workmen's Compensation, receipt of medical expenses and

other compensation thereunder, constitutes an election of remedies or estops the appellant from maintaining a common law action.

We think the facts involved in these questions are uncontroverted and are revealed clearly by the pleadings, the deposition of Marie Heacker (attached to the motion for summary judgment), and statements and argument of counsel before the district court which appear in the record.

Marie Heacker was a career employee of Southwestern Bell Telephone Company employed in 1935, assigned to the telephone exchange in Dennison, Texas in 1943. In the latter part of January, 1956, having attained the position of service assistant, she was temporarily assigned on an expense account covering meals, lodging and travel, to the exchange in Greenville, Texas, there to instruct the local operators in problems which would arise in connection with the pending conversion to the dial system.

After arrival in Greenville, Mrs. Heacker found accommodations in a local hotel situated several blocks from the telephone exchange. The injury involved in this case was suffered a few minutes before 8:00 a. m. on Feb. 3rd. Mrs. Heacker, on that morning, left the hotel at approximately 7:40 a. m. with another employee and began walking to the telephone office, as she had done on two or three previous mornings. It was a cold and icy day and the sidewalks between the hotel and the exchange were, for the most part, difficult of travel due to the accumulation of ice and snow thereon. Because of the treacherous condition of the sidewalk, the two employees of Southwestern chose to walk in the streets a substantial portion of the journey between the hotel and the exchange building.

Upon arrival at a point directly in front of the Southwestern Building, the two ladies crossed the street and, after Mrs. Heacker had stepped from the street onto the sidewalk running across the front of the exchange building, she attempted to take a second step on the sidewalk, slipped and fell on the icy surface, fracturing the radius and ulna bones of her right wrist.

Within a short period of time after her injury, she was taken to a local clinic and placed under the care of an orthopedist. Three days later she was visited by two representatives of Southwestern, at which time she signed a completed printed form entitled "Notice of Injury and Claim for Compensation, Texas Workmen's Compensation," in which she gave notice of her injury, filed a claim for compensation due under the Workmen's Compensation Law of Texas, and requested that the Industrial Accident Board take action on her claim as soon as possible. On the basis of this claim, the Texas Compensation Insurance Company paid to Mrs. Heacker $1,810.71, which sum represents compensation due from the date of the injury until the time of her return to work on June 23, 1957, computed at the rate of $25 per week for a total of seventy-two weeks and three days. Medical expenses based upon this claim in the amount of $1,467.64 were also paid by the Texas Compensation Insurance Company. Later surgery was performed January 14, 1957. On June 24, 1957, Mrs. Heacker resumed her duties with the appellee. During her absence from work she had received full pay for the first year, and half pay thereafter.

This action was brought by her husband on Feb. 3, 1958. The complaint alleges that Southwestern and those acting in its behalf were guilty of negligence with respect to Marie Heacker relating generally to the condition of the sidewalk in front of the premises of said company at Greenville, Texas on the day of the accident and that Marie Heacker, because of said negligence and the injury resulting therefrom, was permanently incapacitated from performing her usual duties of employment and suffered damages in the amount of $50,500. Southwestern filed its answer denying the charge of negligence and disclaiming any liability to plaintiff by reason of the accident and injuries.

Southwestern thereafter filed its motion for a summary judgment upon the grounds (1) that the exclusive remedy of the employee in this controversy for the accidental injury was under the Workmen's Compensation Law of Texas against the insurance carrier of Southwestern Bell Telephone Company, and (2) that by filing her claim for compensation with the Industrial Accident Board and accepting compensation thereunder, Marie Heacker elected to pursue her remedy under the Workmen's Compensation Law of Texas, and is thereby precluded from maintaining this common law action against her employer.

■ Generally, the question of whether an employee was acting within the scope of his employment is an issue of fact to be resolved by the jury. Texas Indemnity Insurance Co. v. Hubbard, Tex.Civ.App.1940, 138 S.W.2d 626; New Amsterdam Casualty Co. v. Hosch, Tex. Civ.App.1935, 78 S.W.2d 633. Where, however, as here, the relevant evidence is so indisputed and so conclusive that reasonable minds cannot reach different conclusions, the question becomes one of law. See Croswell v. Commercial Standard Ins. Co., Tex.Civ.App.1933, 56 S.W.2d 918; Maryland Casualty Co. v. Williams, Tex. Civ.App.1932, 47 S.W.2d 858; Texas Employers' Insurance Association v. Sewell, Tex.Civ.App.1930, 32 S.W.2d 262.

Out of the phenomenal industrial growth of this century arose the conviction among the public that the common law rules of liability were unsuitable to afford adequate relief to the countless number of persons sustaining injury in their employment. The belief became widespread that the burden of employment-connected deaths and injuries should rest with employers.

■ Workmen's Compensation statutes have been quite generally enacted whereunder compensation is paid without regard to common law rules of liability to those injured in the course of their employment. 58 American Jurisprudence, Workmen's Compensation, § 2, p. 575. Either by statute or by court decision, it is generally established that such statutes should be liberally construed as to coverage. This is true in Texas whose law governs. Hooper v. Great American Indemnity Co., 5 Cir., 1939, 102 F.2d 739; Federal Surety Co. v. Ragle, Tex.Civ. App.1930, 25 S.W.2d 898; Vernon's Annotated Texas Statutes, Article 8306 et seq. While there are many cases from Texas courts denying coverage to employees while going to and from the place of their employment,[1] there are many holding the other way and this case, in our opinion, falls within the latter group. It is clear that under the Texas Statute, injuries are compensable which result from risks inherent in, or incident to, the conduct of the employer's business without regard to the time or place the accident occurred.[2]

In National Surety Corp. v. Bellah, 5 Cir., 1957, 245 F.2d 936, we held that an employee injured in a restaurant on the company premises during her lunch period was entitled to compensation notwithstanding the fact that the injury occurred outside of her normal hours of service and that she was not discharging any specific duties connected with her employment at the time of the accident.

In Federal Surety Co. v. Ragle, supra, the employee was injured while attempting to crank an automobile in which he was to ride home after work. The Texas Commission of Appeals, in affirming the action of the Court of Civil Appeals in granting compensation, said: "Since it was not required * * * that Ragle should spend the nights or time not at work at the well * * * it was necessary * * * that he leave the well and go somewhere for rest and sleep and return thereto for duty. Whatever dangers or perils he encountered in leaving or approaching the premises were en-

---

1. Cf. Republic Underwriters v. Terrell, Tex.Civ.App.1939, 126 S.W.2d 752.

2. Federal Surety Co. v. Ragle, Tex.Com. App.1931, 40 S.W.2d 63, 64; and Federal Surety Co. v. Ragle, Tex.Civ.App.1930, 25 S.W.2d 898.

countered in the usual and customary manner that he might perform the duties imposed by his contract of service." And later, in the same opinion: "It is also equally well established that all dangers and perils incident to the usual and customary methods of entrance to and retirement from employer's premises or zone of employment were perils incident to and 'arising out of employment,' as provided for under article 8309 R.S. 1925."

In Ragle, the Commission dealt at length with Texas cases on the subject of whether injuries sustained going to and from work were compensable and leaned heavily upon the Supreme Court case of Cudahy Packing Co. of Nebraska v. Parramore, 1923, 263 U.S. 418, 426, 44 S.Ct. 153, 155, 68 L.Ed. 366. That case, in the words of the Commission, "involved the construction of a similar statute enacted by the state of Utah." There, the customary method of ingress and egress to the Cudahy Packing Plant was down a road and across some railroad tracks. Parramore, an employee of Cudahy was killed at this crossing on his way to work one morning. The Supreme Court, in holding that the accident resulting in the death of Parramore arose out of the course of his employment, made the following observation:

"Here the location of the plant was at a place so situated as to make the customary and only practical way of immediate ingress and egress one of hazard. Parramore could not, at the point of the accident, select his way. He had no other choice than to go over the railway tracks in order to get to his work; and he was in effect invited by his employer to do so and this he was obliged to do regularly and continuously as a necessary concomitant of his employment, resulting in a degree of exposure to the common risk beyond that to which the general public was subjected. The railroad over which the way extended was not only immediately adjacent to the plant, but, by means of switches, was connected with it, and in principle it was as though upon the actual premises of the employer.

"We attach no importance to the fact that the accident happened a few minutes before the time Parramore was to begin work, and was therefore, to that extent, outside the specific hours of employment. The employment contemplated his entry upon and departure from the premises as much as it contemplated his working there, and must include a reasonable interval of time for that purpose." [263 U.S. 426, 44 S.Ct. 155.]

In the case before us, the hazards of the snow and ice were perils confronting the public in general. Persons utilizing the streets and sidewalks in the ordinary course of their day's activities were free, as was Mrs. Heacker most of the distance between the hotel and the Southwestern Building, to choose the routes they would take, avoiding those areas which in their judgment appeared to be impassable. In her deposition, Mrs. Heacker stated that on several occasions between the hotel and the exchange, it was necessary to walk in the street to avoid particularly dangerous areas. It appears from her deposition that this power of selection terminated upon her arrival in front of appellee's premises. In order to reach the premises where her employment required her to be, she was required to negotiate the icy sidewalk in front of the Southwestern Building. It was a hazard or peril incident to her employment on the day of the accident.

In Texas Employers Insurance Association v. Cobb, 1938, 118 S.W.2d 375, the Texas Court of Civil Appeals declared that where an employee, whose duties required that he travel from place to place collecting accounts, was asphyxiated in a motel on a Sunday night, the accident causing his death was within the coverage envisioned by the Texas Workmen's Compensation Statute. The court, in that case, concluded that the duty imposed upon him by the character of his employment to go from place to place at

the instance of his employer formed a causal connection between the accident and the employment.

The responsibilities and duties imposed upon Marie Heacker by virtue of her employment required that she travel from Dennison, Texas to Greenville, to find lodging in the latter city and to pass back and forth between her chosen place of lodging and the telephone exchange building. On the day of the accident, the weather was cold and the sidewalks covered with snow and ice, but the responsibilities of Marie Heacker remained the same. It is not necessary for us to decide whether an injury resulting from an accident occurring a block or more away could be said to have arisen from her employment. The place of accident was, for all practical purposes, a part of the premises of the appellee. Marie Heacker had no alternative but to attempt to cross the hazardous sidewalk fronting these premises. Her employment contemplated her doing just that before the hour on which her duties would commence.

In our view, the danger inherent in any attempt of Marie Heacker to cross the ice-bound sidewalk in front of appellee's premises on her way to work cannot be other than a peril or hazard incident to or connected with her employment, and we hold that the injury was within the coverage of the Texas statute. Under Article 8306, § 3, Vernon's Texas Civil Statutes, employees injured within the scope of their employment and their representatives have no right of action against their employer, and their sole remedy is under the Workmen's Compensation Statute of Texas. It is, therefore, clear that the court below did not err in granting the motion of the company for a summary judgment. The judgment is, therefore,

Affirmed.

RIVES, Chief Judge (concurring generally and specially).

The thorough opinion and the holding that, at the time of the accident Mrs. Heacker was indisputably within the scope of her employment, are all that is absolutely necessary to dispose of this appeal. However, to avoid any doubt as to the validity of the other ground of the motion for summary judgment, I think we should add that it is equally well founded. Mrs. Heacker cannot be permitted to recover twice against her employer for a single injury. Gordon v. Travelers' Insurance Co., Tex.Civ.App. 1926, 287 S.W. 911; Coffey v. Management Co. of Texas, Tex.Civ.App.1938, 121 S.W.2d 377; Jones v. Jeffreys, Tex. Civ.App.1951, 244 S.W.2d 924; 101 C.J.S. Workmen's Compensation, § 936. The appellant relies upon Bridwell v. Bernard, Tex.Civ.App.1942, 159 S.W.2d 981, and Indemnity Insurance Co. of North America v. Marshall, Tex.Civ.App. 1957, 308 S.W.2d 174. Those cases are clearly distinguishable on several grounds. One is that in neither had the injured employee successfully asserted an inconsistent remedy. Compare 15-B Texas Jurisprudence, Election of Remedies, § 7, p. 338, n. 3.