AMERICAN EMPLOYERS INS. CO. v.
DUE.

No. 4069.

Court of Civil Appeals of Texas. Beaumont.
Nov. 13, 1942.

Rehearing Denied Dec. 2, 1942.

King & Reinstra, of Beaumont, for appellant.

Glenn Faver and B. A. Hamilton, both of Jasper, for appellee.

O'QUINN, Justice.

This is a workman's compensation case, with appellee, William Glenn Due, the employee, and appellant, American Employers Insurance Company, the compensation insurance carrier. Appellee plead an average daily wage of $2.15 or greater, as might be shown by the evidence. He prayed for a weekly compensation of $7.44 for 401 weeks as for total, permanent disability. By the affirmative allegations of his petition he sought to limit his recovery to $2,999, and in his prayer limited his recovery to that sum. He alleged that if the proof showed a compensation rate in excess of $7.44 per week, he waived all excess above $2,999.99. In due time, and in the form and manner required by law, appellant filed his petition and bond, praying that this case be removed to Federal Court, alleging that the matter in controversy exceeded the sum or value of $3,000. The prayer for removal was denied, and on trial judgment was for appellee against appellant for the relief prayed for, limited to the amount prayed for.

■ We sustain appellant's point that the matter in controversy on the allegations of appellee's petition, exceeded the value of $3,000. His pleading of an average daily wage of $2.15, or greater as might be shown by the evidence, was broad enough to admit proof of the actual compensation rate. The compensation rate, as shown by the allegations of the petition and the proof, was $11.56 per week, entitling appellee to a recovery, on the allegations of the petition of $4,635.56.

■■ But appellee says that, as a matter of law, his recovery was limited to an amount not in excess of $2,999. This contention is denied. By Section 14 of Article 8306 of our Workmen's Compensation Law, it is expressly provided that "no agreement by any employe to waive his rights to compensation under this law shall be valid." Our compensation law further provides that before a compensation case can be settled the settlement must be approved by the Industrial Accident Board. Section 12 of Article 8307. Our courts enforce strictly these statutory provisions. Woolsey v. Panhandle Refining Co., 131 Tex. 449, 116 S.W.2d 675; Texas Employers' Ins. Ass'n v. Peppers, Tex.Civ.App., 133 S.W.2d 165; Texas Employers Ins. Ass'n v. Miller, Tex.Civ.App., 130 S.W.2d 893.

There is no allegation in the petition that the Industrial Accident Board had approved a waiver by appellee, reducing his compensation from the sum of $4,635.56, to which he was entitled under his pleadings, to the sum of $2,999. The allegations of his petition showed affirmatively that no court of competent jurisdiction had approved such a waiver by him. Certainly appellee could not, by a simple waiver not authorized by the Board or a court of competent jurisdiction, take his claim out of the coverage of our Workmen's Compensation Act on this point. So, since under our compensation law appellant was entitled to the amount of compensation plead by his petition and supported by his evidence, which exceeded in value $3,000, the conclusion must follow that the amount in controversy exceeded the value of $3,000.

It follows that the judgment of the lower court should be reversed and this cause remanded with instructions that the proper orders be entered, transferring this case to the Federal Court, and this without restriction or limitation on appellee's right to amend his petition.

Reversed and remanded with instructions.

On Rehearing.

■ We agree with appellee that he had the right to sue in the State district court for a sum less than the jurisdictional amount of the federal court, and thereby defeat federal court jurisdiction. St. Paul Mercury Ind. Co. v. Red Cab Co., 303 U. S. 283, 58 S.Ct. 586, 82 L.Ed. 845; in our original opinion we do not hold to the con-

trary. Our opinion is based upon our construction of appellee's petition that he had sued for a sum within the jurisdiction of the federal court; as said by the Supreme Court of the United States in Farmers' Bank of Alexanderia v. John Hooff, 7 Pet. 168, 169, 8 L.Ed. 646, "The real matter in controversy is the debt claimed in the bill." The "debt" claimed by appellee in his petition exceeded $3,000. He sought to reduce his claim below the jurisdiction of the federal court by voluntarily waiving the excess above $2,999. We hold that his plea of waiver was void, and being void the "debt" exceeds $3,000.

But appellee asserts his legal right to "abandon" part of his claim without the approval of the Court or the Board, as against our construction of Sec. 14 of Art. 8306; the point is "A waiver or abandonment of part of a compensation claim is not forbidden by the Texas compensation law when the waiver or abandonment is made after the injury." Woods v. Massachusetts Protective Ass'n, D.C., 34 F.2d 501, is cited "for the exact proposition that it is now cited to this court"; the proposition that appellee had the right to abandon part of his claim. The case is not in point, since in that case the beneficiary of the insurance policy had the right, as between it and the insurance company, to give its claim away, or to give away any part of its claim, and that without the approval of a court or board. It is our construction of our Workmen's Compensation Act that the claimant cannot give his claim away or settle it or abandon any part without the consent of the Board. To hold otherwise would nullify the pertinent provisions of the Workmen's Compensation Act; a claimant could settle his claim as between him and the insurance company, file a petition in the district court, and remit his claim down to the amount of the settlement, and thereby bind himself. The claimant's power to remit any part of his claim was denied him recently by Judge Hickman, writing for the Supreme Court, in Texas Employers Ins. Ass'n v. Miller, 137 Tex. 449, 154 S.W.2d 450. Jenkins v. Texas Employers' Ins. Ass'n, Tex.Civ.App.,

211 S.W. 349 and Texas Employers' Ins. Ass'n v. Lightfoot, Tex.Sup., 162 S.W. 2d 929, are not in point, supporting appellee's proposition. The Jenkins case is cited to support appellee's contention that the pertinent sections of the Workmen's Compensation Act have "reference entirely to agreements in that respect made prior to the injuries." Whether the Jenkins case was a correct construction of the Workmen's Compensation Act at the time it was filed is immaterial. In Woolsey v. Panhandle Refining Co., cited in the original opinion, our Supreme Court held that Sec. 14 of Art. 8306 is applicable to an agreement or waiver made by the employee after he was injured. In the Lightfoot case the Supreme Court permitted the filing of the remittitur, thereby approving the claimant's offer of waiver. If it be conceded that the trial judge in the case at bar by his judgment approved the offer of waiver, the concession is immaterial. Appellant's right to remove to the federal court became vested as of the moment it filed its petition for removal, which was before the court entered its order approving the waiver and at a time when the waiver was not binding on either appellee or appellant.

On the point of waiver, it is asserted that appellee fixed the matter in controversy by the statement in his prayer "In no event does he seek to recover more than $2,999." This proposition would be sound if appellee had the right to waive his claim down to the amount not to exceed $2,999. In support of its proposition, appellant cites Maryland Casualty Co. v. Sledge, Tex.Civ.App., 46 S.W.2d 442, opinion by this court. That case is not in point on the issue presented by this appeal. That case was turned upon the allegations of the petition; it did not appear upon the face of the petition that the claimant had attempted to waive any part of his claim. We simply held that the measure of the claimant's relief was determined by the allegations of his petition, and that is the very point decided by us in our original opinion in the case at bar.

The motion for rehearing is overruled.