## PACIFIC INDEMNITY CO. v. BLESSITT.

### No. 4327.

Court of Civil Appeals of Texas.

Jan. 10, 1946.

Rehearing Denied Jan. 30, 1946.

Strong & Moore, of Beaumont, for appellant.

Baker & DeLee, of Port Arthur, and W. P. Sexton, of Orange, for appellee.

COE, Chief Justice.

This is a workman's compensation case in which the appellee, Mrs. Stella F. Blessitt, as a feme sole, as plaintiff in the trial court brought suit for workman's compensation benefits against appellant as defendant, alleging an injury to her back resulting in 150 weeks total disability and in the alternative 150 weeks fifty per cent partial disability, and in the alternative that if she was not entitled to recover for total disability for a period of 150 weeks that she was entitled to recover for 150 weeks on a basis of total disability and partial disability according to the percentage and length of time of disability the pleadings and evidence may show that she is entitled

to receive. In no event does she ask for more than 150 weeks. And further pleading in the alternative, she plead that if she be mistaken in the foregoing, then she asked to recover for the percentage of disability and for the period of time the pleadings and evidence may show she is justly entitled to receive. She further alleged that the defendant had paid her compensation at the rate of $20 per week from February 23, 1944, to May 10, 1944, amounting to the sum of $220, which sum should be deducted from any sum she might recover, and further that the defendant had refused to pay plaintiff any sums other than the $220 to her damage in the sum of $3,000, less the $220 theretofore paid her. The trial resulted in the jury's finding that the plaintiff was totally disabled for a period of 150 weeks and judgment was rendered by the court for the plaintiff for 139 weeks' compensation at the rate of $20 per week, deducting from the 150 weeks found by the jury 11 weeks compensation which it was admitted had been paid to the plaintiff. Defendant in due time filed its motion for a new trial, which was overruled, and it has perfected its appeal to this court.

The parties will be referred to as in the trial court.

The pertinent facts to the points of error urged will be stated in connection with the discussion of the several points.

By points Nos. 1, 2, 3 and 4, appellant complains of the action of the trial court in entering judgment for the plaintiff for the full amount of compensation found by the jury and in taking into consideration an assignment to plaintiff from plaintiff's former husband, Lonnie Blessitt, and in taking into consideration a disclaimer of plaintiff's former husband, Lonnie Blessitt.

It appears from the record that on the date of plaintiff's injury, February 23, 1944, she was married to Lonnie Blessitt, that thereafter, on the 2d day of June, 1944, she was divorced from her husband and thereafter filed her claim for compensation and prosecuted this suit as a feme sole. The defendant did not question the right of plaintiff to prosecute this suit nor in any way suggest the necessity of making her former husband a party to the suit but did offer in evidence the judgment of the court granting to the plaintiff a divorce from Lonnie Blessitt, dated June 2, 1944. This decree awarded to the plaintiff the care and

custody of three minor children who were born to her during her marriage with Lon-. nie Blessitt, but in no way undertook to divide the community property between the parties. The jury rendered its verdict in this case on the 5th day of June, 1945. On June 21, 1945, plaintiff's former husband, Lonnie Blessitt, with the permission of the court, filed a disclaimer of all his right, title and interest in the subject matter of the suit, if any he had, in favor of the plaintiff, Stella F. Blessitt. On the same date he also filed among the papers in this cause a transfer to Stella F. Blessitt of all the title and interest which he had in her cause of action. Upon this disclaimer and transfer the court awarded to the plaintiff judgment for the full amount of compensation as found by the jury.

Under these facts, the defendant contends that the compensation due as the result of plaintiff's injury was community property of plaintiff and her former husband, Lonnie Blessitt, and therefore the plaintiff would only be entitled to recover one-half of such compensation. It further contends that the court was without authority to consider and give effect to the disclaimer and assignment of Lonnie Blessitt to the plaintiff for the reason that neither was offered in evidence.

██ It is now a settled proposition of law in Texas that compensation benefits in death cases are the community property of the husband and wife. Pickens v. Pickens, 125 Tex. 410, 83 S.W.2d 951; Texas Employers Ins. Ass'n v. Boudreaux, Tex.Com. App., 231 S.W. 756; Gates v. Texas Employers Ins. Ass'n, Tex.Civ.App., 242 S.W. 249. However, we have been unable to find any case where the status of weekly installments of compensation becoming due after the date of a divorce of the claimant has been determined. Inasmuch as the weekly compensation is paid in lieu of the current wages of the claimant, it might be contended that the payments falling due subsequent to divorce would lose their character of community property. However, the view we take of the disposition of this case renders it unnecessary for us to decide this question. It has been held that a party other than the injured employee who is entitled to compensation benefits may waive or transfer same in favor of or to another party. Federal Underwriters Exchange v. Walker, Tex.Civ.App., 134 S.W.2d 388; Texas Employers Ins. Ass'n v. Sloan, Tex.Civ.App., 36 S.W.2d

319. We are of the opinion that it was within the discretion of the trial court to permit the former husband of the plaintiff to file a disclaimer in favor of the plaintiff at any time before judgment was entered, provided, however, that in doing so it worked no injury to the opposing party. Under the verdict of the jury in this case, the defendant was obligated to pay compensation for the injury received by the plaintiff for 150 weeks at $20 per week, and we are unable to see how it will be injured by paying the full amount to the plaintiff rather than paying one-half thereof to her former husband, Lonnie Blessitt. If by holding that the trial court was unauthorized to consider the waiver filed by plaintiff's former husband it would enable the defendant to evade paying the full amount of the compensation found by the jury, we are still of the opinion that under the facts of this case that such holding should not be made. The contention of appellant that the court was without authority to consider and give effect to the waiver and assignment of Lonnie Blessitt because they were not offered in evidence certainly finds no support in the authorities cited that it was necessary for the disclaimer to be offered in evidence. In our opinion, the disclaimer being sufficient to support the action of the trial court in entering judgment for the plaintiff for the full amount of compensation as found by the jury, it becomes immaterial whether he was authorized to consider and give effect to the assignment. Appellant's first four points are overruled.

██ By its fifth point, appellant contends that special issue No. 9 as submitted by the court assumed a controverted fact and amounted to a comment on the weight of the evidence by the court. This contention is overruled. Special issue No. 9, as given by the court, is as follows: "From the preponderance of the evidence, do you find that the personal injury, if any, sustained by Stella F. Blessitt, on or about February 23, 1944, was the producing cause of such incapacity to work and earn money as you may have found?" Appellant's contention under this point is that in submitting the issue, as it was, indicated that the court thought there was some partial or some total incapacity sustained by plaintiff and contends that this was a controverted fact. It was admitted upon the trial that the plaintiff sustained an accidental personal injury in the course of her employment for her employer, for whom de-

fendant was the insurance carrier, and that as the result of and because of which she was paid compensation for 11 weeks at the rate of $20 per week. Therefore, the defendant by its pleadings and admissions admitted that plaintiff suffered an accidental personal injury in the course of her employment and that such injury resulted in incapacity. Be that as it may, under the authority of Texas Employers Ins. Ass'n v. Clack, Tex.Civ.App., 112 S.W.2d 526, and cases there cited, the issue as submitted was not a comment by the court on the weight of the evidence. The qualifying phrase "as you may have found" used in special issue No. 9, submitted by the court, was a sufficient qualification upon such issue as to prevent it from being erroneous on the ground that it assumed facts in controversy.

■ Appellant's sixth point complained of the action of the trial court in overruling its exceptions to special issue No. 17, contending that such issue improperly placed the burden of proof upon the insurance carrier to show that disease was the sole cause of plaintiff's incapacity. Special issue No. 17 as submitted by the court is as follows:

"Do you find from a preponderance of the evidence that Stella F. Blessitt's incapacity, if any you have found, is not due solely to disease?

"Answer 'It is not due solely to disease' or answer 'It is due solely to disease.'"

Appellant cites as authority supporting its contention Southern Ice & Utilities Co. v. Richardson, 128 Tex. 82, 95 S.W.2d 956; Gulf C. & S. F. R. R. Co. v. Giun, 131 Tex. 548, 116 S.W.2d 693, 116 A.L.R. 795; Texas Indemnity Ins. Co. v. McCurry, Tex. Com.App. 41 S.W.2d 215, 78 A.L.R. 760; Consolidated Underwriters v. Strahand, Tex.Civ.App., 82 S.W.2d 1058; Southern Underwriters v. Waddell, Tex.Civ.App., 144 SW.2d 637. We cannot agree that the authorities cited support the contention made by appellant that the issue as submitted placed the burden of proof upon the insurance carrier to establish that the plaintiff's incapacity, if any, should be solely attributed to disease. While the authorities cited suggest a different form of an issue as being preferable, we find nothing in either of them condemning the issue as submitted as being erroneous. Traders & General Ins. Co. v. Jenkins, 135 Tex. 232, 141 S.W. 2d 312, 313, and cases there cited; Traders

& General Ins. Co. v. Ray, Tex.Civ.App. 128 S.W.2d 80.

By point No. 7, appellant contends that the trial court erred in denying defendant's petition for removal to the Federal court on the ground that plaintiff's petition did not present an amount in controversy in excess of $3,000, exclusive of interest and costs.

■ The defendant in due time and in form and manner required by law filed its petition and bond for removal and gave proper notice thereof. The trial court denied its petition for removal solely on the ground that the amount in controversy did not exceed $3,000. We agree with appellant that the amount in controversy, if an injured employee sues to set aside the award, is determined by allegations in the petition filed by him and that such claimant can not limit his recovery of workman's compensation by any allegations to the effect that he does not seek to recover in excess of $3,000 where the other allegations in the petition would entitle him to compensation in excess of $3,000. Booth v. Texas Employers Ins. Ass'n, 132 Tex. 237, 123 S.W.2d 322; American Employers Ins. Ass'n v. Due, Tex.Cix.App., 166 S.W.2d 160. As stated in the case of American Employers Ins. Ass'n v. Due, supra, the plaintiff had the right to sue in the district court for a sum less than the jurisdictional amount of the Federal court and thereby defeat Federal court jurisdiction. As we construe plaintiff's petition, she sought recovery for either 150 weeks total incapacity, or 150 weeks partial incapacity, or for 150 weeks for total and partial incapacity at $20 per week, less $220 theretofore paid to her by the insurance carrier. We are unable to agree with appellant in its contentions that the effect of the plaintiff's last alternative plea, which was as follows, "In the alternative, if she be mistaken in the foregoing, then she asks to recover for the percentage of disability and for period of time that the pleadings and evidence may show she is justly entitled to receive," would support a judgment in plaintiff's favor in an amount in excess of $3,000. The phrase contained in said plea that she asked to recover for the percentage of disability and for the period of time that the pleadings and evidence may show, necessarily limits such allegation to the disability alleged in the pleadings, which, as stated before, was limited to 150 weeks. It follows from what we have said that we are of the opinion that the trial court was

correct in holding that plaintiff's petition plead a cause of action in an amount less than $3,000 and properly overruled defendant's plea for removal to the Federal Court.

No error having been shown in the judgment as entered by the trial court, the same is affirmed.