**GREEN v. UNITED STATES FIDELITY & GUARANTY CO.**

Civil A. No. 5169.

United States District Court
N. D. Texas, Dallas Division.

July 20, 1953.

Caldwell, Baker & Jordan, Dallas, Tex., for the motion.

Curtis White, Dallas, Tex., opposed.

ATWELL, Chief Judge.

Summarizing the allegations of the plaintiff's petition, which he filed in the State Court of Navarro County, Texas, we find a complaint that while in the regular course of his duty, he severely wrenched and strained his back and lower abdomen. That the muscles, ligaments, tendons, nerves and attachments of plaintiff's back and pelvis were bruised, stretched, loosened and torn; that the bones and joints of the lower back and pelvis were injured, bruised and damaged, and that the 2nd, 3rd, 4th, and 5th lumbar vertebrae were badly injured, and that he suffered an angulation and derangement of the vertebrae of the spine and an overriding of the facets between the 5th lumbar vertebrae and sacrum; that his movements have become greatly restricted, and that he is unable to bend either forward or backward, or to either side, without experiencing severe pain. That he also suffered injury to the spermatic cord, and left testicle and left internal inguinal ring. That he has suffered pain in his groin and lower abdomen, and a potential hernia on the left side. That such injuries are permanent. That he has received a severe strain and shock to his nervous system, and that said conditions are permanent. That he is unable to perform any kind of physical labor and will so continue in such disability.

That his average weekly wage entitles him to receive $25 per week under the Workmen's Compensation Law, Vernon's Ann.Civ.St. art. 8306 et seq.

The allegations above summarized and made considerably briefer than plead by the plaintiff, would entitle him to recover for 401 weeks at $25 per week, which will approximate $10,025.

In his prayer he attempted to waive his claim for compensation in excess of $2,900 or $3,000.

The same effort was made by a plaintiff in the case of American Employers Insurance Co. v. Due, Tex.Civ.App., 166 S.W. 2d 160, to the sum of $2,999.99, but the higher State Courts did not look with approval upon such an effort and held that the suit was removable.

Sec. 14 of Article 8306 of the Texas Workmen's Compensation Act, Vernon's Ann.Civ.St., denies the right of an employee to agree to waive his rights to compensation under the law.

See also, Woolsey v. Panhandle Refining Co., 131 Tex. 449, 116 S.W.2d 675; Texas Employers v. Peppers, Tex.Civ.App., 133 S.W.2d 165, and Texas Employers v. Miller, Tex.Civ.App., 130 S.W.2d 893.

See also Pacific Indemnity Co. v. Blessitt, Tex.Civ.App., 191 S.W.2d 904, and Employers Reinsurance Corporation v. Jones, Tex.Civ.App., 195 S.W.2d 810.

The motion to remand must be overruled.