**TEXAS GENERAL INDEMNITY COMPANY, a corporation, Appellant,**

v.

**Audrey R. ROBISON, Appellee.**

No. 5214.

Court of Civil Appeals of Texas.

El Paso.

June 19, 1957.

Rehearing Denied July 10, 1957.

**148**

F. H. Pannill, Stubbeman, McRae & Sealy, Midland, for appellant.

Max E. Ramsey, Andrews, Justice & Justice, Athens, for appellee.

FRASER, Justice.

This cause was filed by Audrey R. Robison in the District Court of Andrews County, Texas, as an appeal from an award of the Industrial Accident Board of the State of Texas, alleging the requisite jurisdictional facts, and alleging that plaintiff had, on June 26, 1954, while in the course of his employment with a firm called Frank Montgomery Dirt Contractor, sustained an injury to his back as the result of his jumping off a road maintainer or grader. It was claimed that this injury was the result of an accident occurring at the time and place in question, and that the injury resulted in a disability to plaintiff which was permanent in duration and total in nature. It was alleged, and not disputed, that at the time in question this appellant, who was defendant in the trial court, had in effect a policy of workmen's compensation insurance under the terms of the statute in such case made and provided.

Plaintiff's deposition was taken and he submitted to a physical examination by a doctor of the insurance company's choice. The case was tried to a jury on special issues. Plaintiff's doctor, Dr. Joseph C. Snow, testified that plaintiff had suffered a disc lesion, or rupture of a disc, in his lower back, and that he was totally and permanently incapacitated to do manual labor. Dr. Edward T. Driscoll testified, on behalf of the insurance company, that plaintiff did have, or probably had, a lesion of the disc, but that the chances were good that an operation would remove the pain and enable him to again work. Dr. Driscoll testified that he had performed a number of these fusion operations, and that they had been some eighty-five per cent successful. He further testified that he believed the plaintiff had suffered an injury to the disc, or that the disc had been in bad shape, and probably ruptured, before the date of the injury for which plaintiff seeks compensation. There was evidence in the case, both from plaintiff and other witnesses, that he had, on several occasions, prior to the date of his alleged injury, had pain or trouble with his back, and laid off work from two days to two weeks. Dr. Snow testified that, in his opinion, if plaintiff's prior complaints or back pains or troubles had been a disc injury, it would not have been possible for him to go back to work and do the heavy manual labor that plaintiff had done since. In cross-examination, Dr. Driscoll stated that the contrary was possible, due to the peculiarities of disc injuries.

The court entered a final judgment, on the basis of the jury's answers, for the maximum workmen's compensation benefits allowed by the statute for a total and permanent disability.

We think this case must be sent back for a new trial because of the error in submitting Issue No. 15. As submitted, the issue read as follows:

"Do you find from a preponderance of the evidence that the alleged disability, if any, of Audrey R. Robison, is not the sole result of preexisting injuries?"

Defendant made timely objection to this issue as worded, and submitted requested issues to the court which, we think, adequately and substantially call the court's attention to defendant's request that his defense be properly submitted. It is readily apparent from the record that defendant was relying for his defense very largely on his contention that plaintiff's claimed

disability had been caused by preexisting injuries, or injuries incurred before the date of the injury for which he seeks compensation. That was the subject of much of the disagreement between, and examination of, the doctors and, of course if believed by the jury, would have been a decisive defense to plaintiff's claim. We do not believe the issue as submitted properly presents defendant's position; or, in other words, submits his defense properly to the jury. The issues requested by defendant are as follows:

"Do you find from a preponderance of the evidence that the injuries sustained by the plaintiff, Audrey R. Robison, prior to June 26, 1954, are not the sole cause of his incapacity, if any, to labor?"

"Do you find from a preponderance of the evidence that the condition of the back of plaintiff, Audrey R. Robison, existing prior to June 26, 1954, was not the sole cause of his incapacity, if any, to labor?"

We think these are substantially correct as they inquire as to the cause of plaintiff's incapacity to labor, rather than all the potential results that might flow from his prior injuries. Appellant's points in this respect are accordingly sustained: Traders & General Ins. Co. v. Watson, Tex.Civ. App., 131 S.W.2d 1103; Pacific Indemnity Co. v. Blessitt, Tex.Civ.App., 191 S.W.2d 904; Employers Casualty Co. v. Smith, Tex.Civ.App., 221 S.W.2d 322.

Appellant has presented a number of other points. Inasmuch as it is not likely that the matters therein mentioned may recur on a subsequent trial, we have not passed on these points.

We hold, therefore, that the Issue No. 15, as submitted, did not adequately and properly submit defendant's defense to the jury, and that the case must therefore be reversed and remanded for a new trial.

WILLIAMS, J., not sitting.