**INDEMNITY INSURANCE COMPANY OF NORTH AMERICA, Appellant,**

v.

**J. W. MARSHALL, Appellee.**

No. 6090.

Court of Civil Appeals of Texas.

Beaumont.

Dec. 4, 1957.

Rehearing Denied Dec. 4, 1957.

Second Motion for Rehearing Denied Jan. 8, 1958.

Barnes & Barnes, Beaumont, for appellant.

Adams & Browne, Beaumont, for appellee.

ANDERSON, Justice.

His claim for compensation under the Workmen's Compensation Law, Article 8306 et seq., Vernon's Texas Civil Statutes, for an injury he alleges he sustained November 1, 1955, in the course of his employment with Bethlehem Steel Corporation having been dismissed by the Industrial Accident Board (on the ground that his rights are governed by the Longshoremen's and Harbor Workers' Compensation Act, Title 33, Section 901 et seq., U.S.C.A.), appellee, J. W. Marshall, brought suit in the district court of Jefferson County against appellant, Indemnity Insurance Company of North America, the employer's insurer, to set aside the ruling of the Board and to recover under the state law. His petition, which contained no allegation rendering the Longshoremen's and Harbor Workers' Compensation Act applicable, requires comment only because he affirmatively pleaded that he was suing for $2,975 "and for no more," said sum representing compensation at the rate of $25 per week for 119 weeks of alleged total disability, and because he did not allege any partial disability. His prayer, which was in keeping with his allegations but was also for general relief, concluded in this manner: "* * * but in no event does plaintiff claim more than the total sum of Two Thousand Nine Hundred and Seventy-five ($2,975.00) Dollars Compensation."

Appellant filed and presented in the trial court pleas challenging the court's jurisdiction and in abatement, setting up, in substance: (1) That appellee had received his injuries, if any, while working on a ship which was floating on navigable waters of the United States and which "had been engaged in interstate commerce" on such waters, and that therefore the court was without jurisdiction of the subject matter of the suit, the federal Longshoremen's and Harbor Workers' Compensation Act rather than the state Workmen's Compensation Law being applicable, and the Bureau of Employees' Compensation, U. S. Department of Labor, being vested with exclusive original jurisdiction of all claims arising under the federal Act. (2) That the Industrial Accident Board had not considered appellee's claim on its merits and had made no final, appealable award on the merits of the claim, having merely

dismissed the claim for want of jurisdiction, and that therefore the trial court was without jurisdiction to hear and determine the case on its merits. (3) That appellee had previously asserted claim under the federal Act and invoked the jurisdiction of the "U. S. Deputy Commissioner," and had thereby elected his remedy (if he had a choice between the inconsistent remedies afforded by the federal and state laws), and that he was bound by such election and was estopped from further prosecuting his suit under the state law.

Subject to its aforesaid pleas to the jurisdiction and in abatement, appellant answered by general denial, by pleading that any incapacity appellee had suffered had resulted, in whole or in part, from prior injuries, diseases and infections, and by again pleading (this time in more detail) its version of the circumstances in which appellee sustained his injuries, if any, which circumstances were represented as precluding recovery of compensation under the state law. Appellee was alleged to have received his injuries, if any, while doing maritime work on board a ship which had long been engaged in interstate and international commerce, both on inland navigable waters and on the high seas, and which was temporarily in a floating dry dock, on navigable waters of the United States, undergoing repairs which were being made under a' maritime contract, and with which appellee was helping.

Appellee filed a supplemental petition which was principally devoted to answering appellant's plea that appellee had elected to prosecute his claim under the federal Act. In addition, however, without pleading any facts to support his conclusion, appellee specially pleaded that the work he was doing when he received his alleged injuries was non-maritime in nature and was being performed under a non-maritime contract. Of his answer to appellant's plea of election, it is sufficient to say that he pleaded that he had never filed with the Deputy U. S. Commissioner, Bureau of Employees' Compensation, a formal claim for compensation—i. e., had never filed form No. 203, the federal form provided for such purposes; that because form 203 had not been filed, appellant had objected to the deputy commissioner's taking jurisdiction of the claim; and that, having so objected, appellant was estopped to claim that appellee had elected to proceed under the federal law.

After a hearing, at which evidence was adduced, appellant's pleas to the jurisdiction and in abatement were overruled. The case was then tried to a jury. At the close of the evidence, appellant filed and presented a motion for instructed verdict, the grounds of which, in so far as we need take note of them, were substantially the same as those on which appellant's pleas to the jurisdiction and in abatement were based. The motion was overruled. It may also be noted at this point that, after verdict, appellant made motion, on the same grounds, for judgment non obstante veredicto. It, too, was overruled. Numerous special issues were submitted to the jury, but we need take note of only two aspects of the verdict: (1) In response to one series of questions, the jury found that as a result of his injuries the appellee had suffered total incapacity which had continued or would continue for a period of 119 weeks from November 1, 1955. (2) In response to another series, it found that permanently from and after January 15, 1958, appellee will be 35% partially incapacitated. Computation will disclose that 119 weeks from November 1, 1955, will carry beyond January 15, 1958, by four weeks. Because of this, and in view of the fact that appellee had pleaded 119 weeks of total disability and nothing more, the trial court rendered judgment that appellee recover of appellant "compensation, as and for total incapacity for a period of time from the date of his injury down to the time of the commencement of partial incapacity, to-wit, for a period of 115 weeks from November 1, 1955, to January

15, 1958, at the rate of Twenty five Dollars ($25.00) per week, paid weekly," and "compensation for thirty five per cent (35%) partial incapacity for a period of four (4) weeks, commencing on January 15, 1958, at the rate of $12.60 per week, making in all a total period of compensation of 119 weeks." All past due installments were ordered paid in a lump sum. The judgment also contained the following provision: "This judgment shall bear interest at the rate of four per cent (4%) per annum." Appellant excepted to the judgment itself, and thereafter seasonably filed and presented its motion for new trial. The latter having been overruled, appeal was duly perfected to this court.

Appellant has brought forward seven points of error and it is believed that clarity will be aided by at this time setting out the substance of each of them. It is contended that the trial court erred: (1) In overruling appellant's plea to the jurisdiction. (2) In overruling appellant's motion for instructed verdict and motion for judgment non obstante veredicto, "when no claim had ever been tried or determined on the merits of the case before the Industrial Accident Board." (3) In rendering judgment for appellee, there being a "conflict between the findings in the verdict on the two controlling issues of total incapacity and partial incapacity, wherein the jury found that total incapacity and partial incapacity obtained at the same time." (4) In refusing to permit appellant to introduce evidence of appellee's being a heavy drinker of alcoholic beverages. (5) In "permitting the appellee to waive about $4,000.00 of compensation insurance which was determined by the trial court to be due him, thereby denying appellant the right to remove its case to the Federal Court." (6) In refusing to submit to the jury defendant's requested issue No. H, as follows: "From a preponderance of the evidence, what do you find was plaintiff's average weekly wage earning capacity during the existence of that partial incapacity, if any such you have

found?" Note: In lieu of the requested issue the court submitted the following: "From a preponderance of the evidence what do you find to be the amount of plaintiff's incapacity during such period of partial incapacity, if any? Answer by stating the amount of partial incapacity, if any, in terms of percentage." (7) In "allowing interest on the judgment as it did."

The evidence adduced during the hearing of appellant's pleas to the jurisdiction and in abatement was without material conflict. Appellee was injured, if at all, while helping repair a commissioned ship of foreign registry and of more than eighteen tons net. The vessel had long been engaged in interstate and foreign commerce and was laid up only temporarily for repairs. It was in a floating dry dock, on navigable waters of the United States, having been on the Neches River at Beaumont in Jefferson County. The vessel was being repaired by Bethlehem Steel Corporation under a maritime contract. Appellee, a pipe fitter, was in the course of his employment with that company when he received his injuries, if any. He claims to have injured himself while lifting into position in the engine room of the ship a valve of some eighty pounds weight.

Appellee was doing the second tour of duty he had done aboard ship as an employee of Bethlehem Steel Corporation, though he had been employed by the company for a week or more. Most of his work as a pipe fitter, both as an employee of Bethlehem Steel Corporation and otherwise, was done on land. As Bethlehem's employee, appellee was subject to duty assignment on either ship or land, but even when assigned ship duty he might still perform a considerable part of his work in the pipe shop on shore.

Appellee sustained injury, if at all, on November 1, 1955. On or about November 14, 1955, he filed claim with the Industrial Accident Board of Texas for compensa-

tion under the Workmen's Compensation Law, Art. 8306 et seq., Vernon's Annotated Civil Statutes. Hearing before the Board was set for January 31, 1956. Before the hearing date arrived, however, and before the Industrial Accident Board had taken further action in the matter, appellee's attorneys wrote to the United States Deputy Commissioner, Federal Bureau of Employees' Compensation, U. S. Department of Labor, Galveston, Texas, requesting that he take jurisdiction of the claim and grant appellee an immediate hearing. The letter bore date of December 30, 1955. On the same date, appellee's attorneys also wrote to the Industrial Accident Board, advising it that they were requesting the Deputy Commissioner to assume jurisdiction. They forwarded a copy of this letter with their letter to the Deputy Commissioner. In these letters counsel represented that in filing claim with the Industrial Accident Board they had acted under the mistaken belief that appellee was on shore when he received his injury, but that they had learned on November 25, 1955, that appellee had in fact been on board a ship; that, since learning the true facts, they had endeavored, without success, to get appellant to agree with them as to which of the Compensation Acts—state or federal—would be treated as being applicable; and that, because of appellee's need, and of the uncertainty about which of the Compensation Acts was properly applicable, and in the hope that by so doing they could avoid prolonged litigation and could expedite disposition of appellee's claim, they had concluded to proceed under the federal law. In neither of the letters, however, did counsel concede that only the federal law covered appellee's claim. On the contrary, they expressed the opinion that either Act could legally be given application.

By letter dated February 6, 1956, a copy of which was sent to appellee, to appellee's attorneys, and to the Industrial Accident Board, the Deputy Commissioner advised appellant, Indemnity Insurance Company of North America, that he, the Deputy Commissioner had accepted jurisdiction of appellee's claim. In the meantime, however, this suit had been filed February 1, 1956, as an appeal from what appellee alleges was a final ruling or award by the Industrial Accident Board on his claim. The Board's action appears to have been taken on January 26, 1956. Thereafter and in due course of mail, appellee received from the Board a notice which contained, among other things, the following:

"Notice of Cancellation

"The hearing for this claim [appellee's] is cancelled because:

*   *   *   *   *   *

"3. This claim is one coming under the jurisdiction of the U. S. Dept. of Labor, Bureau of Workmen's Compensation.

*   *   *   *   *   *

"This is a final award of the Board. If you are dissatisfied with this award and desire to appeal it, you must give the Board written notice within 20 days from the date this award is entered and thereafter file suit in court within 20 days from receipt of notice by the Board."

Appellee had not requested that his claim before the Industrial Accident Board be dismissed. Instead, in their letter of December 30, 1955, to the Board, his attorneys had treated of the matter in this manner:

"If the Deputy Commissioner takes jurisdiction of the claim, I am sure that he will so advise you, and thereupon you will probably hold this claim in abeyance until final determination of the case under the Longshoremen and Harborworkers Act. If he declines to take jurisdiction, I am sure that we will be so advised prior to the date that you have set for a hearing of the claim (January 31, 1956)."

Appellee has filed no formal claim with the Deputy Commissioner for compensa-

tion under the federal law; no formal hearing in reference to his rights has been held by or before the Deputy Commissioner; and the Deputy Commissioner has made no orders in the matter, unless he did so in connection with his decision to assume jurisdiction of the claim. An informal conference was held in Beaumont January 20, 1956, between the Deputy Commissioner and appellee and one of appellee's attorneys and one of appellant's representatives, but this was merely in order that the Deputy Commissioner might acquaint himself with the nature of the claim and the contentions of the parties. Appellant's representative advised the other conferees at the time that appellant was not disposed to make any commitments or to participate in any hearing, since appellee had filed no formal claim with the Deputy Commissioner. The Deputy Commissioner thereupon stated that he would send appellee blank forms on which to make a formal claim, but he never sent them. Appellee appears to have agreed during the conference that, in keeping with the Deputy Commissioner's desire, he would submit himself to a physical examination by a doctor in Galveston, but he never underwent the examination. He did go to Galveston on the appointed day but, having arrived there considerably later than the time at which he was to have reported at the doctor's office, he returned to Beaumont without having been examined and without having seen either the doctor or the Deputy Commissioner.

Appellee has received no compensation under either the state or the federal Compensation Act.

There was no direct proof that Bethlehem Steel Corporation was insured under the Longshoremen's and Harbor Workers' Compensation Act, and it is not believed that there was conclusive circumstantial proof that the company was so insured. The record does, however, give good reason to suppose that the company was insured by appellant under the federal act as well as under the state act.

■ Under its first point of error, appellant briefs only the jurisdictional question presented by the evidence touching the maritime nature of appellee's employment. We overrule the point, in reliance on Bethlehem Steel Co. v. Moore, 335 U.S. 874, 69 S.Ct. 239, 93 L.Ed. 417, affirming Moores's Case, 323 Mass. 162, 80 N.E.2d 478; Kaiser Co., Inc. v. Baskin, 340 U.S. 886, 71 S.Ct. 208, 95 L.Ed. 643, affirming Baskin v. Industrial Accident Commission, 97 Cal.App.2d 257, 217 P.2d 733; Baskin v. Industrial Accident Commission, 338 U.S. 854, 70 S.Ct. 99, 94 L.Ed. 523, reversing Baskin v. Industrial Accident Commission, 89 Cal.App.2d 632, 201 P.2d 549. See, also, Davis v. Department of Labor and Industries of Washington, 317 U.S. 249, 63 S.Ct. 225, 87 L.Ed. 246. We are unable to draw any sound distinction between the facts of this case and those of the Moores case and the Baskin cases, and so feel that those cases must control the disposition of this one. At the same time, we confess difficulty in reconciling the Moores case and the Baskin cases with statements which are contained in the opinion in the later case of Pennsylvania R. Co. v. O'Rourke, 344 U.S. 334, 73 S.Ct. 302, 97 L.Ed. 367, or even with the general argument in the latter case. However, taking into consideration the history of the Moores case and of the Baskin cases, we think it cannot have been the Court's intention in the O'Rourke case to overrule those cases by implication. And the correctness of this view is attested by the fact that in the still later case of Avondale Marine Ways, Inc. v. Henderson, 346 U.S. 366, 74 S.Ct. 100, 98 L.Ed. 77, the Moores case and the Baskin cases, as well as the Davis case, were again cited with approval. In Richard v. Lake Charles Stevedores, La.App., 95 So.2d 830, the Supreme Court of Louisiana has given even a broader effect to the Moores case, the Baskin cases, and the Davis case than we think it necessary to give them here,

but we nevertheless call attention to the case as one supporting our holding.

■ While we think it improbable that appellant's brief presents the matter in such manner as to require a ruling on it, we nevertheless express the opinion that the trial court committed no error in overruling appellant's plea in abatement in which appellant took the position that appellee had elected to prosecute his claim under the federal law and had thereby lost any right he may otherwise have had to prosecute it under the state law. See, generally, Wilkes v. Mississippi River Sand & Gravel Co., 6 Cir., 202 F.2d 383, certiorari denied 346 U.S. 817, 74 S.Ct. 29, 98 L.Ed. 344; Kibadeaux v. Standard Dredging Co., 5 Cir., 81 F.2d 670, certiorari denied 299 U.S. 549, 57 S.Ct. 12, 81 L.Ed. 404; 15-B Tex.Jur. 343; Lance v. City of Mission, Tex.Civ.App., 273 S.W.2d 950; Loveless v. Texas Employers Ins. Ass'n, Tex.Civ.App., 269 S.W.2d 454.

■ Point two, which assigns as error the action of the trial court in overruling both appellant's motion for directed verdict and appellant's motion for judgment non obstante veredicto has been briefed only from the standpoint that the ruling or decision of the Industrial Accident Board from which the appeal was taken or attempted was not a final and appealable ruling or decision. If the ruling or decision was not a final and appealable one, the trial court had no jurisdiction of the subject matter of the suit. Art. 8307, sec. 5, V.A.C.S.; Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084; American Surety Company of New York v. Mays, Tex.Civ. App., 157 S.W.2d 444. And in such event, a judgment or order of dismissal, and not a judgment in favor of the defendant, would have been proper. It is readily apparent, therefore, that it would not have been proper to grant, on the grounds now urged before this court, either appellant's

motion for instructed verdict or its motion for judgment non obstante veredicto. Accordingly, point two should, perhaps, be overruled without more ado. We have concluded, however, to discuss the jurisdictional question involved.

■ We note that, as evidenced by the notice that was sent to appellee, the Industrial Accident Board's ruling or order was one cancelling a "hearing" of or for appellee's claim. However, when the reason assigned by the Board for its action is considered, and when we consider that the Board itself represented its ruling or order as being "a final award," we think there can be no doubt that the ruling or order was intended as a cancellation of appellee's claim from the Board's docket of pending claims, and not as merely a cancellation of the particular hearing that had been previously scheduled to take place on a given date. For this reason, and because the description was thought more nearly to fit the form of the Board's order than any other that readily occurred to us, we have previously spoken of the ruling or order as one dismissing appellee's claim. The description is accurate, however, only if the order is considered as one dismissing appellee's claim for want of merit. Without actually saying no, the order was, in reality, a denial of appellee's claim for compensation under the state law. This is inherent in the Board's expressed conclusion that the claim fell within the jurisdiction of the Bureau of Workmen's Compensation, U. S. Department of Labor, for, assuming, as we think we must in the circumstances, that it was meant that the Bureau of Workmen's Compensation had exclusive jurisdiction of the claim, the Industrial Accident Board was but saying that appellee was entitled to recover, if at all, only under the Longshoremen's and Harbor Workers' Compensation Act and not under the state law. We have concluded, therefore, that, being tantamount to a denial of appellee's claim, the Industrial Accident Board's ruling or order was a

final and appealable ruling or decision and that the trial court had jurisdiction to hear and determine the cause on its merits. See Verrett v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 223 S.W.2d 33; Brown v. Texas Employers' Ins. Ass'n, Tex.Civ.App., 276 S.W.2d 314. Point two is overruled.

■ Appellant's contention, under point three, that, because the jury found that appellee will be both totally and partially disabled during a period of four weeks, there is a fatal conflict between the jury's findings is answered in the following cases: Fidelity & Casualty Co. of New York v. McLaughlin, 134 Tex. 613, 135 S.W.2d 955, 958; Texas General Indemnity Company v. Villa, Tex.Civ.App., 297 S.W.2d 231, and authorities therein cited. Appellee having been awarded compensation on the basis of only partial incapacity for the four weeks with reference to which the jury's findings are in conflict, no error resulted. (The cases just above cited.) Point three is overruled.

■ The trial court did not err in excluding the evidence appellant tendered to prove that appellee was addicted to the use of alcoholic beverages. The proffered evidence did not tend to show that the drinking of intoxicants had in any way contributed to cause or had in any way affected appellee's injuries, and it was not offered for either of these purposes. Appellant represented that it was offered for the purpose of impeaching appellee, who had testified in his own behalf. The cases on which appellant relies in support of its contention that the evidence was admissible are cases in which evidence tending to show that a witness was under the influence of intoxicants at the time of the occurrence of the incident to which his testimony pertained has been held admissible. The evidence with which we are dealing was not of that nature, and the cases alluded to are without application to it. No case has been cited us in which it has been held that the mere fact that one is addicted to the use of alcoholic beverages, and drinks, upon occasion, to the point of becoming drunk,

is, without more, grounds of impeachment, and we are unwilling to lay down any such doctrine. Point four is overruled.

■ Appellant's contention, under point five, that appellee was permitted to "waive about $4,000 of compensation insurance which was determined by the trial court to be due him, thereby denying appellant the right to remove its case to the Federal Court" is not supported by the record. Appellee was not permitted to waive any compensation to which he was entitled under his pleadings. The extent of his right of recovery was limited by the facts he pleaded and by his prayer to the amount due for disability extending over a period of 119 weeks. He was awarded judgment for that amount, which was all that could be lawfully awarded him. In American Employers Ins. Co. v. Due, Tex.Civ.App., 166 S.W.2d 160, er. ref., and Green v. U. S. Fidelity & Guaranty Co., D.C., 113 F.Supp. 927, two of the cases relied upon by appellant, the facts pleaded would have supported recovery in excess of the amount required for removal to federal court. It was held in each that the plaintiff could not by his prayer waive his claim to all sums in excess of that which would enable the state court to retain jurisdiction. However, in the Due case, on motion for rehearing, it was expressly recognized that it is the right of a compensation claimant to sue for a sum "less than the jurisdictional amount of the federal court, and thereby defeat federal court jurisdiction." [166 S.W.2d 161.] Appellant's point five is therefore thought to be without merit and is overruled.

■ Appellant's contention that the trial court erred in requiring the jury to find the degree of appellee's partial incapacity in terms of percentage, and in refusing to submit appellant's requested issue regarding appellee's average weekly wage earning capacity during continuation of his partial incapacity is answered by the following cases, which appear to be now

generally accepted as authoritative on the subject: American General Insurance Company v. Bailey, Tex.Civ.App., 287 S.W.2d 290; Consolidated Casuality Insurance Co. v. Newman, Tex.Civ.App., 300 S.W.2d 160; Traders & General Ins. Co. v. Robinson, Tex.Civ.App., 222 S.W.2d 266, wr. ref.; Gulf Casualty Co. v. Jones, Tex.Civ.App., 290 S.W.2d 334, wr. ref., n. r. e. Point six is therefore overruled.

Under its point seven, appellant complains of the following provision of the judgment: "This Judgment shall bear interest at the rate of four percent (4%) per annum." To eliminate the possibility of dispute regarding the interest due under it, the judgment is here reformed by eliminating therefrom the foregoing provision and substituting in lieu thereof the following: "All past due installments of compensation payable hereunder shall bear interest at the rate of four percent (4%) per annum from the date hereof, and each unmatured installment shall bear interest at the same rate from its maturity date."

As reformed, the judgment of the trial court is affirmed. The particular in which the judgment is reformed being minor, and it being questionable as to whether the reformation was even necessary, all costs of appeal are adjudged against the appellant.

In an opinion that was handed down at an earlier date we affirmed the trial court's judgment, but in doing so we disposed of appellant's first point of error on a different theory and without stating the facts relevant to it. Authorities which have been called to our attention by appellant in its motion for rehearing render the theory on which we originally disposed of the point untenable. In order to eliminate the error and at the same time place the case in its proper light, we withdraw our former opinion and substitute the present opinion in its stead. With this explanation and on the basis of the present opinion, we overrule appellant's motion for rehearing.